OPINION
Defendant-appellant James Rudloff appeals from the order of the Mahoning County Common Pleas Court, Domestic Relations Division, which granted plaintiff-appellee Deborah Rudloff a divorce, awarded her child and spousal support, and distributed the marital property. For the following reasons, the judgment of the trial court is affirmed in part and reversed and remanded in part.
 I. STATEMENT OF FACTS
The parties were married on February 25, 1978, had two natural children thereafter, and adopted a severely mentally disabled child. James allegedly stopped supporting the family in December 1994. In June 1995, James moved out of the marital residence after which Deborah and the children were evicted for nonpayment of rent and past due utility bills. On July 10, 1995, Deborah filed a complaint for divorce and a motion seeking a distribution of marital property, temporary and permanent child and spousal support, and full parental rights and responsibilities. Personal service of the complaint was perfected upon James on July 26, 1995. The pendente lite hearing before a magistrate was scheduled for August 2, 1995, but was continued until August 22 to give James time to retain an attorney. However, James appeared at the August 22 hearing without an attorney. Both parties testified and presented documentary evidence to the magistrate.
In her August 30, 1995 journal entry, the magistrate found that James made $19,694 in 1994 but then quit his job mid-1995. The magistrate imputed an income of $22,102 to James for the 1995 tax year. Deborah's annual income was determined to be $8,472. Parental rights and responsibilities were allocated to Deborah, and James received companionship rights. The magistrate then completed the child support worksheet and ordered James to pay $182.25 per month per child in temporary child support. After child support was exchanged, James' remaining income was computed to be $15,397 and Deborah's income was computed to be $15,177. As a result, no temporary spousal support was awarded.
The magistrate ordered James to pay past due gas and electric bills and a past due personal loan. Deborah was ordered to pay a past due phone bill. She was also told to take responsibility for her past due hospital bill which James was being forced to pay through garnished wages. The magistrate gave Deborah possession of a 1990 Buick LeSabre which was titled in James' name but which had been co-signed for by Deborah's parents. Deborah was ordered to make the car payments and maintain insurance on the Buick. James was given possession of a 1980 Oldsmobile Cutlass which he said barely ran. James filed no objections to the magistrate's findings.
The divorce hearing before the trial court was scheduled for October 3, 1995. On September 27, 1995, Attorney Gary VanBrocklin filed a motion for leave to file an answer instanter on behalf of James. The motion alleged that James had not filed an answer because he was without funds to hire an attorney. The motion also sought a continuance of the trial "which has been set as an uncontested divorce case on October 3, 1995." The court case proceeded as scheduled, and neither James nor his attorney appeared in court. The court denied the motion for leave to file an answer instanter and for a continuance. Deborah testified about her need for support and her father's support of her family since James discontinued his support. Deborah also presented two character witnesses and one witness who testified briefly about the parties' incompatibility.
On October 13, 1995, the court filed its journal entry which granted a divorce on incompatibility grounds and gave Deborah full custody of the three children. Because James had not motioned for visitation, the court did not award him companionship rights. James was ordered to pay spousal support in the amount of $450.00 per month, plus poundage for ten years and child support in the amount of $192.57 per month per child. Deborah was permitted to claim the children as a tax deduction.
The parties owned no real estate. The court stated that any individual bank accounts were to remain the property of that individual. Each party was awarded their own personal effects, jewelry, and clothing that were in their possession. Deborah was awarded all household goods, furnishings, appliances, and tools. She was also awarded the Buick and ordered to pay the $216 per month car payment. James was awarded the Oldsmobile. James was ordered to pay the gas and electric bills, a personal loan for approximately $4,000, and Deborah's hospital bill. James was also ordered to obtain hospitalization for Deborah and the three children. Deborah was ordered to pay the phone bill and any other bills in her name.
On October 26, 1995, James filed a motion for a new trial pursuant to Civ.R. 59 on the following grounds: the proceedings were irregular and prevented a fair trial; the awards were unwarranted and too large; the judgment was not sustained by the weight of the evidence; and the judgment is contrary to law. More specifically, the motion alleged that the court failed to value the assets before dividing the property. James also filed an affidavit swearing that he was waiting for Attorney VanBrocklin in the hallway of the courthouse during the October 3 hearing. Attorney VanBrocklin filed an affidavit claiming that he failed to appear because James told him the wrong date; however, the motion for leave filed by Attorney VanBrocklin on September 27 contained the correct hearing date.
On February 29, 1996, the court denied the motion for new trial. The within appeal followed.
 II. ASSIGNMENT OF ERROR NO. ONE
James, hereinafter referred to as appellant, sets forth four assignments of error, the first of which alleges:
 "THE COURT ERRED IN OVERRULING THE MOTION FOR NEW TRIAL FILED BY THE DEFENDANT APPELLANT."
The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59(A) lies within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Sharp v. Norfolk Western Railway Co. (1995),72 Ohio St.3d 307, 312. An abuse of discretion is defined as an unreasonable, unconscionable, or arbitrary decision by a court.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant argues that a new trial should have been granted on the basis of all of the following sub-sections of Civ.R. 59 (A):
 "(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
* * *
 (5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;
 (6) The judgment is not sustained by the weight of the evidence;
(7) The judgment is contrary to law;"
Initially, we point out the Civ.R. 59(A)(5) is inapplicable to the case at bar by its very terms. This is not a contract or a property detention action. Moreover, we fail to see an irregularity in the court proceedings. Appellant argues irregularity in that his motion for leave to file an answer instanter was not addressed until the day of the trial and then it was denied without a hearing.
According to Civ.R. 6(B)(2), the court has the discretion to permit the filing of a late answer if the motioning party demonstrates excusable neglect. Miller v. Lint (1980), 62 Ohio St.2d 209,214. A court's decision on whether a party's neglect was excusable shall not be reversed absent an abuse of discretion.Marion Prod. Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265,271. In determining whether neglect is excusable, the court takes all of the surrounding facts and circumstances into consideration.Griffey v. Raian (1987), 33 Ohio St.3d 75. Further, a trial court may dispose of such a motion without a formal hearing. SeeBuckeye Sunply Co. v. Northeast Drilling Co. (1985), 24 Ohio App.3d 134,136.
The motion for leave to file an answer instanter claims that appellant's lack of money to hire an attorney was excusable neglect. However, lack of legal counsel does not render neglect excusable. See, e.g., Talikka v. Namey (Aug. 9, 1996), Ashtabula App. No. 95-A-0066, unreported; Associated Estates Corn v. Fellows
(1983), 11 Ohio App.3d 112. This is especially so after the magistrate granted a continuance to allow appellant to retain counsel. Moreover, the court's failure to grant leave to file an answer is not prejudicial to appellant's case. Pursuant to Civ.R. 75(F), the default judgment rule contained in Civ.R. 55 is not applicable to divorce actions. Therefore, appellant was permitted to attend the divorce trial, put on a defense, and rebut appellee's demands for money even though he failed to file an answer. Rochow v. Rochow (Apr. 26, 1996), Mahoning App. No. 94-CA-49, unreported, 2. Accordingly, the court did not abuse its discretion by denying appellant's motion for leave to file an answer instanter.
Appellant also seems to argue that an irregularity in the court proceedings existed because the court did not attempt to telephone Attorney VanBrocklin when he failed to appear at the trial. Although courts often call missing attorneys before proceeding in a case, this is a courtesy and not a requirement. As such, the court's failure to check on Attorney VanBrocklin's whereabouts was not an irregularity or an abuse of discretion requiring a new trial.
We now turn to appellant's claim that he was sitting outside of the courtroom waiting for his attorney while his divorce trial was held without him. This claim cannot be addressed by a Civ.R. 59(A) new trial motion. The proper motion from which to make this argument would have been a Civ.R. 60(B)(1) motion for relief from judgment due to mistake, inadvertence, or excusable neglect. There are no similar grounds for relief under Civ.R. 59(A).
Appellant's remaining grounds upon which a new trial should allegedly be granted, that the judgment is against the manifest weight of the evidence and is contrary to law, will be discussed under appellant's subsequent assignments of error.
 III. ASSIGNMENT OF ERROR NO. TWO
Appellant's second assignment of error provides:
 "THE COURT ABUSED ITS DISCRETION MAKING AN EQUITABLE DIVISION OF PROPERTY WHICH WAS UNSUPPORTED BY VALID PROBATIVE EVIDENCE AT TRIAL."
A trial court has broad discretion when fashioning a property distribution in a divorce action. Berish v. Berish (1982),69 Ohio St.2d 318, 319. Therefore, the court's order will be upheld absent an abuse of discretion. Martin v. Martin (1985), 18 Ohio St.3d 292,294. Pursuant to R.C. 3105.171(C)(1), an equal division of marital assets is the starting point in the court's analysis of what would constitute an equitable division. See Cherry v. Cherry
(1981), 66 Ohio St.2d 348. The trial court must make written findings of fact that support the determination that marital property has been equitably divided. R.C. 3105.171(G). This requirement of written findings is a codification of Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, which held:
 "In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with law." Id. at 97.
Appellant argues that the trial court abused its discretion by failing to evaluate the worth of the marital property before dividing the parties' assets. The parties' assets awarded in the judgment entry include household goods, furnishings, appliances, tools, personal effects, clothing, jewelry, a 1980 Oldsmobile Cutlass, and a 1990 Buick LeSabre with an encumbrance thereon. None of these assets were assigned a value. The court also declared that each party shall keep his or her pensions and any accounts in their individual names. Whether pensions or accounts exist is unknown. The parties' liabilities are a telephone bill, a gas bill, an electric bill, a loan from Ohio Edison Credit Union, appellee's hospital bill, and the encumbrance on the Buick which the court stated is $216.20 per month. The magistrate's temporary order contained the debt owed on all of these liabilities except the hospital bill and the car loan. The trial court's permanent order did not state the balance of any of these liabilities.
The court's judgment entry stated that "both parties understand and agree that they voluntarily waive the formal valuation of any and all assets mentioned within this Agreement." The entry was signed by appellee and her attorney; it was not signed by appellant. It is incomprehensible how the court could say that valuation of assets is voluntarily waived when appellant was not at the divorce trial and did not sign the entry. Moreover, in Urmson v. Urmson (Feb. 11, 1994), Columbiana App. No. 93-C-2, unreported, we held that in order for this court to make an informed decision about whether the trial court made an equitable division of assets, each asset must have been assigned a value. Id. at 1-2. In Urmson, we quoted the Tenth Appellate District as follows:
 "The trial court has broad discretion to develop some measure of value. However, the court is not privileged to omit valuation altogether. The court itself should instruct the parties to submit evidence on the particular matter." Gottlieb v. Gottlieb
(Mar. 19, 1991), Franklin App. No. 90 AP-1131, unreported, 10.
This requirement of asset valuation and specific fact findings prevails in many appellate districts. See, e.g., Donovanv. Donovan (1996), 110 Ohio App.3d 615; Huener v. Huener (1996),110 Ohio App.3d 322; Allen v. Allen (1996), 109 Ohio App.3d 640;Eisler v. Eisler (1985), 24 Ohio App.3d 151; Willis v. Willis
(1984), 19 Ohio App.3d 45; Valuation is only unnecessary if the property is divided pursuant to agreement. Goode v. Goode (1991),70 Ohio App.3d 125. Appellant's absence at the divorce hearing does not allow the court to bypass asset valuation and deviate from the requirements of R.C. 3105.171 (G) and Kaechele.
Appellee argues that appellant waived the above argument because he did not object to the magistrate's decision. Pursuant to Civ.R. 53(E)(3)(b), a party cannot assign on appeal the court's adoption of a magistrate's findings of fact or conclusions of law unless that party objected to the magistrate's order. State exrel. Donah v. Windham Exempted Village Sch. Dist. Bd. of Educ.
(1994), 69 Ohio St.3d 114. In the case at bar, the magistrate's hearing was for pendente lite spousal support, child support, and allocation of parental rights and responsibilities. The magistrate's order was a pretrial order according to Civ.R. 53(C)(3)(a) and Civ.R. 75(M). A magistrate cannot order the distribution of marital property in a pretrial order. Accordingly, the magistrate's order which seemed to distribute property did not. At most, it gave temporary possession of items and temporary responsibility for bills pending litigation. Thus, Civ.R. 53(E)(3)(b) does not preclude appellant from appealing from the trial court's findings of fact or conclusions of law regarding property division.
Accordingly, this assignment of error is well-taken. This case must be remanded for an asset and liability valuation and for more specific written findings of fact that support the determination that the marital property has been equitably divided. The court must consider all of the applicable factors contained in R.C. 3105.171(F). The court may use R.C. 3105.171
(E)(3) to make an unequal division, but the reasons for deviance from equal must be set forth for this court to review.
 IV. ASSIGNMENT OF ERROR NO. THREE
Appellant's third assignment of error contends:
 "THE TRIAL COURT'S AWARD OF SPOUSAL SUPPORT WAS UNREASONABLE IN SPITE OF THE EVIDENCE."
Appellant argues that a spousal support award of $450 per month for ten years plus 2% poundage is unreasonable. According to the child support worksheet utilized by the court, after child support is paid but before spousal support is paid, appellant's income is $15,169.34 and appellee's income is $20,552.66. After paying spousal support, appellant will be left with less than $10,000 per year. This award appears unreasonable on its face.
A trial court has broad discretion in awarding reasonable and appropriate alimony based on the payor's ability to pay and the payee's need. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 70. Spousal support is not a penalty. Id. Pursuant to R.C. 3105.18(B), courts may award reasonable spousal support in an amount that the court deems is equitable. Before making the award, the court must consider the factors set forth in R.C. 3105.18(C)(1). In the case at bar, the court made a conclusory statement that it considered these factors.
Similar to our analysis in appellant's second assignment of error, it is difficult for this court to review the propriety of the trial court's large spousal support award because the court did not indicate its basis for the award. As aforementioned, in making an award of spousal support, the judgment entry must contain reasoning supporting the award "in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele, supra at 97. If explanatory reasoning is lacking, the reviewing court must remand the case for clarification and often recalculation. See,e.g., Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781; Mallettv. Mallett (Dec. 5, 1996), Monroe App. No. 753, unreported; Hallv. Hall (Aug. 16, 1995), Monroe App. No 713, unreported; Clyde v.Clyde (June 2, 1993), Belmont App. No. 92-B-39, unreported.
The trial court's order appears to be merely an adoption of appellee's proposed journal entry. Even in an uncontested divorce, the trial court must follow the dictates of Kaechele. Vanderpoolv. Vanderpool (1997), 118 Ohio App.3d 876, 881-82. Furthermore, the court must consider the relevant statutory factors. Although the court need not list every factor in the journal entry, it seems unlikely that the court considered the relevant factors since no evidence was presented on any of them. The trial court knew the duration of the marriage and had evidence before it concerning the parties' incomes which were computed in the child support worksheet. However, there is no evidence of the parties earning abilities, ages, mental, physical or emotional conditions, or educations. See R.C. 3105.18(C)(1)(b), (c) and (h). There is also no evidence in the record on retirement benefits, lost income production capacity, or inability to work due to custody of the children. See R.C. 3108(C)(1)(d), (f) and (m). In short, there is no indication that $450 per month plus 2% poundage for ten years is reasonable, appropriate, or equitable. Accordingly, we remand the case for a redetermination of spousal support and an explanatory order justifying the amount of said support.
 V. ASSIGNMENT OF ERROR NO. FOUR
Appellant's fourth assignment of error alleges:
 "THE COURT ERRED IN ESTABLISHING CHILD SUPPORT IN THE FINAL JUDGMENT OF DIVORCE IN THE SUM OF ONE HUNDRED NINETY TWO DOLLARS FIFTY SEVEN CENTS ($192.57) PER CHILD PER MONTH, PLUS TWO PERCENT (2%) AS AND FOR SUPPORT FOR A TOTAL WEEKLY PAYMENT OF ONE HUNDRED THIRTY FIVE DOLLARS NINETY NINE CENTS ($135.99)."
Appellant argues that the trial court lacked evidence of the parties' earnings upon which to base the calculations set forth in the child support worksheet. However, the magistrate's findings from the pendente lite hearing state that appellant testified that he made $14,560 per year at Hard Drives Asphalt Paving 
Materials. The magistrate also found that appellant made $19,694 in 1994 from Gennaro Payers Inc., Gennaro Asphalt Co. Inc., and from unemployment compensation. The magistrate stated that appellant left his job without justification and that if he would have remained employed, he would have made $22,335 in 1995. This amount minus $233 in local tax was imputed as income to appellant. Appellant did not object to these findings. Appellee argues that appellant waived the above argument because he did not object to the magistrate's decision. Pursuant to Civ.R. 53(E)(3)(b), a party cannot assign on appeal the court's adoption of a magistrate's findings of fact or conclusions of law unless that party objected to the magistrate's order. State ex rel. Donah v.Windham Exempted Village Sch. Dist. Bd. of Educ. (1994), 69 Ohio St.3d 114. The trial court implicitly adopted the magistrate's findings on income when it used the magistrate's figures in the worksheet for permanent child support. It is unknown whether the trial court had before it the transcript of the pendente lite
hearing; this court does not have such transcript before it. The trial court had before it the magistrate's child support worksheet and order and appellee's financial affidavit. Appellant does not argue and this court cannot guess why it was unreasonable for the trial court to use the magistrate's determination of income as set forth in the worksheet for temporary spousal support. As appellee posits, appellant waived any arguments with regards to his income when he (1) failed to file objections to the magistrate's findings on his income and (2) failed to appear at his divorce trial to introduce new evidence on his income.
Finally, the trial court retains continuing jurisdiction over the issue of child support pursuant to R.C. 3113.215(B)(4) and established case law. Accordingly, appellant has an available remedy to seek modification in the event his actual income reflects a change of circumstances. Therefore, this assignment of error is overruled.
For the reasons hereinabove set forth, the judgment of the trial court is affirmed in part and reversed and remanded in part. The judgment is affirmed as to the grounds for and the granting of divorce, the allocation of parental rights and responsibilities, and the child support award. The judgment is reversed as to property division and spousal support. Upon remand, the trial court shall estimate the value of the household goods, furnishings, tools, appliances, cars and the debt that remained on appellee's hospital bill. Further, the trial court shall state its reasoning supporting the property division. Finally, the court shall recalculate the amount of spousal support and include the basis in determining same.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 __________________________________ JOSEPH J. VUKOVICH, JUDGE