THE STATE, EX REL. KELLEY, APPELLEE, *v.* BOARD OF EDUCATION OF THE CLEARCREEK LOCAL SCHOOL DISTRICT, APPELLANT.

[Cite as State, ex rel. Kelley, *v.* Clearcreek Local School Dist. Bd. of Edn. (1990), 52 Ohio St. 3d 93.]

(No. 89-682—Submitted March 28, 1990—Decided June 27, 1990.)

*Lindhorst & Dreidame* and *Edward S. Dorsey,* for appellee.

*Ennis, Roberts & Fischer Co., L.P.A.,* and *J. Michael Fischer,* for appellant.

SWEENEY, J. The determinative issue before this court is whether plaintiff is entitled to a continuing service contract as a teacher from the defendant school board. Since we are of the opinion that R.C. 3319.11 and our prior decision in *Specht, supra,* are controlling in this cause, we affirm the decision of the court of appeals below.

R.C. 3319.11 (now R.C. 3319.11 [B]) provides in relevant part that "[t]eachers eligible for continuing service status in any school district shall be * * * those teachers who, having attained continuing contract status elsewhere, have served two years in the district * * *."

In *Specht, supra,* this court held in relevant part:

"The obtaining of a continuing contract of employment as a teacher is expressly provided for in R.C. 3319.11. This section clearly provides for a situation as in the instant cause. It allows a teacher, who has attained tenure in a different school district and has also *served* two years in the school district in dispute, to obtain a continuing contract of employment as a teacher." (Emphasis *sic.*) *Id.* at 149-151, 17 O.O. 3d at 91-92, 407 N.E. 2d at 23.

The defendant school board contends that given the amendments to R.C. Chapter 3319 that were not

before this court when the *Specht* decision was handed down (Am. Sub. H.B. No. 769, 138 Ohio Laws, Part II, 3582, 3584-3589, effective Oct. 10, 1980), it appears that R.C. 3319.02 now controls and governs the employment of school district administrators as completely and comprehensively as R.C. 3319.11 does for teachers.

R.C. 3319.02 now provides in relevant part:

"(C) * * * When a teacher with continuing service status becomes an assistant superintendent, principal, assistant principal, or other administrator *with the district with which he holds continuing service status,* he retains such status in his nonadministrative position as provided in sections 3319.08 and 3319.09 of the Revised Code." (Emphasis added.)

The defendant argues that R.C. 3319.02 is more specific than R.C. 3319.11 and thus controls the rights of tenured teachers who become administrators. It is defendant's contention that the General Assembly intended to protect only a certain class of administrators (*i.e.,* tenured teachers who are hired as administrators in the same school district), and that the new language of R.C. 3319.02 as emphasized above is the legislature's response to the factual situation presented in *Specht, supra.* Defendant submits that if the *Specht* decision is still controlling in this factual context, then the new language of R.C. 3319.02 would be rendered meaningless.

In our view, defendant's arguments are not persuasive. In order to accept appellant's contention that R.C. 3319.02 supersedes R.C. 3319.11 and

also *Specht,* one would have to infer that where a person switches from a teaching position to an administrative position in different school districts, R.C. 3319.02 would preclude the administrator from obtaining a continuing contract as a teacher because he or she changed employer school districts.

We do not believe that this is what the General Assembly intended when it revised R.C. 3319.02. First of all, as this court reiterated in *Specht,* repeals by implication are disfavored as a matter of judicial policy in this state. *Id.* at 148, 17 O.O. 3d at 91, 407 N.E. 2d at 22. Second, as noted by the court of appeals below, the General Assembly, when it again amended R.C. 3919.02 in 1987, could have easily reversed our ruling in *Specht* merely by stating that *only* a teacher who becomes an administrator in the same district in which he or she obtained tenure may be able to retain such a right. Since the legislature did not promulgate such a minor revision in the law, it is apparent that the General Assembly is comfortable with the interpretation rendered by this court in *Specht, supra.* Moreover, this court also declines any invitation to engage in judicial legislation by essentially adding the word "only" to the relevant language of R.C. 3319.02.

We further reject defendant's argument that R.C. 3319.02 and 3319.11 are "separate and autonomous" statutes with the former addressing the employment of administrators, and the latter addressing the employment of teachers. As we noted in *Specht, supra,* R.C. 3319.09[1] defines the term "teacher" as used in

---

[1] R.C. 3319.09 provides in pertinent part:

"As used in sections 3319.08 to 3319.18, inclusive, of the Revised Code:

"(A) 'Teacher' means all persons cer-

tified to teach and who are employed in the public schools of this state as instructors, principals, supervisors, superintendents, or in any other educational position for which the state board of education requires cer-

R.C. 3319.11 expansively, and includes administrators who are certified to teach as well as regular classroom teachers. Thus, given the expansive definition of "teacher" in R.C. 3319.09, we believe that the transfer of tenure rights upon employment in a new school district as set forth in R.C. 3319.11 applies to administrators and regular classroom teachers alike.

In any event, we do not believe that the amended language in R.C. 3319.02 necessarily defines a class of persons to whom it applies while excluding all others. In this vein, defendant argues that teachers who have acquired tenure rights as teachers in one school district relinquish such teacher tenure rights upon accepting an administrative position in another school district. As plaintiff submits, however, he has never contended that he was entitled to tenure on the same basis as the class of persons described in the relevant language of R.C. 3319.02. Rather, plaintiff claims his tenure rights as a teacher arise under R.C. 3319.11, since he has served two years with the second school district as an administrator. Moreover, we specifically reject defendant's assertion that teachers tenured in one school district totally relinquish such teacher tenure rights if they accept an administrative position in another school district. In our view, such an interpretation is not compelled by the language of any of the statutory provisions in issue, nor does it make much sense from a public policy perspective to interpret them in such a manner. Simply because we reject defendant's interpretation of R.C. 3319.02 does not mean the amended language of the statute is rendered meaningless. The amended language

was added to R.C. 3319.02 by the General Assembly prior to the announcement of our decision in *Specht* (although it became effective only after) and could be viewed as merely a clarification of certain tenure rights pre-*Specht*. In any event, we embrace the cogent observations of Judge Bronson in the trial court below with regard to the practical legislative intent of the statutes in issue:

"O.R.C. Section 3319.02 allows for a teacher with a continuing service contract to move up to an administrative position in his own school system without sacrificing his tenure. Logically, this could be the legislature's means of both assuring non-abuse of the system and progress within the system.

"Possible abuse would be a situation where the board seeks to eliminate a tenured teacher. In order to accomplish this purpose, the teacher could be induced to take an administrative position. This inducement is made with the knowledge that it would be a one-year situation and then there would be no recourse to the teacher turned administrator upon termination.

"Progress in the system is assured by affording a prospectively good administrator the knowledge that he would not lose the security of his tenure if he does not 'pan out' in his new position. It is readily apparent that the schools would be detrimentally affected if personnel were forced to choose between long-term security and the opportunity to possibly improve a system in an administrative position. R.C. 3319.02 clearly has no application to inter-school moves. Such moves are covered only by O.R.C. 3319.11.

---

tification including persons having a certificate issued pursuant to sections 3319.22

to 3319.31, inclusive, of the Revised Code * * *."

"In looking at this statute, there are different motivations presented.

"Short of collusion, the hiring of personnel by one school from another does not present an abusive situation as outlined above. The only motivation on the part of the second school in hiring a teacher from the first can be the improvement of the former. If the new school board determines, after the expiration of one year of employment, that the administrator/school board relationship will not work, it may terminate that relationship with the need to then find a new administrator. This set of facts would leave the ex-administrator without recourse (the Court is assuming that continuing service status as a teacher had been attained in the first school).

"On the other hand, if the school board makes the decision to attempt continuity by allowing this new administrator a second year, by statute, at the expiration of the second year continuing service status as a teacher is reestablished.

"In the situation presented under O.R.C. 3319.02, the school board has a somewhat known quantity. The teacher has come from within the system, thus the law affords no gap in continuing service status.

"Under O.R.C. 3319.11, however, the quantity is not known thus the board is afforded a one-year 'grace period' to determine whether or not it has made the right decision."

The foregoing analysis by the trial judge below presents an understandable and logical summation of the interplay of R.C. 3319.02 and 3319.11. Since we do not have the luxury of resorting to a legislative history of these statutes, we must necessarily render an interpretation that harmonizes their meaning in a comprehensive and constitutional manner. *Specht, supra.* In sum, we are convinced that *Specht* is as valid an interpretation of these statutes as amended as it was nearly ten years ago prior to the statutory amendments.

Accordingly, we reaffirm our prior decision in *Specht, supra,* and hold that a certified teacher who has attained continuing service status in one school district, and who has served at least two years as an administrator in a second school district, is entitled to a continuing service contract as a teacher in the second school district if the administrative contract is not renewed. In so holding, we reject the decision rendered by the Summit County Court of Appeals in *State, ex rel. Davis,* v. *Meister, supra.*

Therefore, the judgment of the court of appeals below is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.