[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 114.]

[THE STATE EX REL.] DONAH, APPELLANT, *v*. WINDHAM EXEMPTED VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *State ex rel. Donah v. Windham Exempted Village School Dist. Bd. of Edn.*, 1994-Ohio-17.]

*Schools—Determining whether employee is an administrator or a teacher—R.C. 3319.02(A) phrase "working with students" requires the presence of the student(s) when the activity is performed.*

(No. 92-2607—Submitted February 22, 1994—Decided April 27, 1994.)

APPEAL from the Court of Appeals for Portage County, No. 91-P-2360.

————————————

{¶ 1} On July 16, 1991, Carol Donah, relator-appellant, filed a complaint for a writ of mandamus in the court of appeals to compel Windham Exempted Village School District Board of Education, respondent-appellee, to issue her continuing and supplemental contracts of employment. Based upon stipulations as well as an evidentiary hearing before a referee of the court, the following facts were adduced. Appellant is a certified school psychologist who has an eight-year teaching certificate in school psychology. She has been employed by appellee continuously since the 1973-1974 school year. Appellant served as the only school psychologist in the district until the 1979-1980 school year, when she assumed the title of "Director of Special Education." The parties had entered into a series of limited employment contracts which were identical to administrators' contracts issued by appellee except that appellant's contracts were denominated "[t]eacher's" contracts. Appellant was never given a written evaluation as either an administrator or a teacher. Appellant's salary during her employment with appellee always exceeded the teachers' salary schedule.

{¶ 2} Appellant's duties as Director of Special Education included the identification and placement of handicapped students, counseling, keeping records, and preparing reports for federally and state-funded programs connected with special education programs in the school district. According to appellant, she believed that she spent more than fifty percent of her time working with students. Appellant testified that the physical presence of children was not necessary for her to work with students to achieve goals, but admitted that everyone employed by appellee had the same goals, i.e., the best interest of the children. Trina K. Prufer, another certified school psychologist employed by appellee, testified that the amount of time she and appellant actually spent in the presence of the students "reflects probably the shortest percentage of time * * *." However, Prufer further testified that she believed appellant spent more than fifty percent of her time working with students in the sense that such work was done in the "interest" of individual students.

{¶ 3} Appellee had requested and received approval for a .5 unit for school psychologist by the Ohio State Department of Education, Division of Special Education, resulting in fifty percent funding for a school psychologist position for all school years since 1979-1980. Pursuant to Ohio Adm. Code 3301-51-05(M), a school psychologist assigned for a unit or fraction of a unit of funding cannot perform any administrative duties for the fraction of time assigned to the funded unit. During every school year since 1979-1980, appellant was reported by appellee as the school psychologist providing the services for which funding had been requested and received. In CS-1 reports sent by appellee to the State Department of Education, appellee listed appellant under the code for psychologist rather than under codes for administrative and supervisory personnel. However, Jack Raymond, the superintendent of the school district, testified that the fact that the CS-1 report includes a position code merely indicates the employee's type of certification and not necessarily the title or responsibilities of the position.

**{¶ 4}** Since the 1979-1980 school year, appellant had been required to work a ten-month work year, which is twenty days more than the regular teaching school year. Although teachers required to work in excess of the regular period received supplemental contracts for such additional time, appellant's request for a supplemental contract was denied.

**{¶ 5}** On August 19, 1992, the referee issued a report which included findings of fact and conclusions of law and recommended that appellant's request for a writ of mandamus be denied. The referee's findings of fact included:

"12. That Relator has not submitted sufficient evidence to establish that she spends 50% or more of her time working with students in her physical presence, although a combination of her time working with students in her physical presence and her time spent on student oriented work would amount to more than 50% of her work time.

" * * *

"14. That in CS-1 reports submitted to the State Department of Education, the school district has reported relator as being employed as a school psychologist and not as a director or supervisor. That these reports list employees by the type of certificate rather than by position held."

**{¶ 6}** After appellant filed objections to the referee's report, on November 16, 1992, the court of appeals entered a judgment adopting and incorporating the report and denying mandamus relief to appellant on the basis that she was an administrator pursuant to R.C. 3319.02(A), and not a teacher.

**{¶ 7}** The cause is before the court upon an appeal as of right.

————————————

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.*, *Ronald G. Macala*, *Anne Piero Silagy* and *Anthony M. DioGuardi II*, for appellant.

*Whalen & Compton Co., L.P.A.*, *G. Frederick Compton, Jr.*, *R. Brent Minney* and *Elizabeth Grooms Taylor*, for appellee.

---

**Per Curiam.**

{¶ 8} In order to be entitled to a writ of mandamus, the relator must establish (1) that relator has a clear legal right to the relief prayed for, (2) that respondent has a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Manson v. Morris* (1993), 66 Ohio St.3d 440, 441, 613 N.E.2d 232, 233-234, citing *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 29, 6 OBR 50, 51, 451 N.E.2d 225, 226.

{¶ 9} Continuing contracts of employment, i.e., tenure, for teachers are provided for in R.C. 3319.11. *State ex rel. Kelley v. Clearcreek Local School Dist. Bd. of Edn.* (1990), 52 Ohio St.3d 93, 94, 556 N.E.2d 173, 174-175; *State ex rel. Specht v. Painesville Twp. Local School Dist. Bd. of Edn.* (1980), 63 Ohio St.2d 146, 149-150, 17 O.O.3d 89, 91-92, 407 N.E.2d 20, 23. Teachers who are eligible for continuing contract service status in a school district include certified teachers who within the last five years have taught for at least three years in the district. R.C. 3319.11(B). Teacher tenure Acts protect qualified teachers by preventing their arbitrary dismissal; however, these acts omit administrators from coverage because administrators generally exercise executive and discretionary power in addition to holding professional qualifications as a teacher. *State ex rel. Smith v. Etheridge* (1992), 65 Ohio St.3d 501, 506-507, 605 N.E.2d 59, 63-64; see, also, *State ex rel. Saltsman v. Burton* (1950), 154 Ohio St. 262, 43 O.O. 136, 95 N.E.2d 377. Therefore, contracts of "other administrators" are always limited contracts. See *Bennett v. Lorain Cty. Bd. of Edn.* (1985), 23 Ohio App.3d 136, 23 OBR 248, 491 N.E.2d 742 (applying the holding to school psychologists).

{¶ 10} Pursuant to R.C. 3319.09(A), the term "teacher" includes "all persons certified to teach and who are employed in the public schools of this state as instructors, principals, supervisors, superintendents, or in any other educational

position for which the state board of education requires certification including persons having a certificate issued pursuant to sections 3319.22 to 3319.31, inclusive, of the Revised Code and employed in an educational position * * *." As noted by the court of appeals, under the foregoing definition, even school administrators are teachers. However, for purposes of the continuing contract eligibility requirements for administrators, supervisors, and special teachers, R.C. 3319.02(A) defines the term "other administrator" as follows:

"As used in this section, *'other administrator' means any employee in a position for which a board of education requires a certificate of the type described by division (I), (M), or (O) of section 3319.22 of the Revised Code, provided that an employee required to have the type of certificate described by division (M) of such section spends less than fifty per cent of his time teaching or working with students*, or any other employee, except the superintendent, whose job duties enable him to be considered as either a 'supervisor' or a 'management level employee,' as defined in section 4117.01 of the Revised Code." (Emphasis added.)

{¶ 11} R.C. 3319.22(M) provides that teachers' certificates may be issued for "[p]upil-personnel workers, including school psychologists * * *." Appellant was required to have a certificate of the type described in R.C. 3319.22(M) for school psychologists. Therefore, for purposes of being eligible for tenure, it is clear that a school psychologist would not be a teacher but an "other administrator" if the school psychologist spent less than fifty percent of the time teaching or "working with students." R.C. 3319.02(A); see, generally, Baker & Carey, 1993-94 Handbook of Ohio School Law (1993) 264, Section T 7.01.

{¶ 12} Appellant's first, second, and part of her third propositions of law assert that the court of appeals erred in interpreting the phrase "working with students" to require the presence of students when the work activity is performed. In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319,

1323. In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished. *Id.* at 594-595, 589 N.E.2d at 1323. Words used in a statute must be taken in their usual, normal or customary meaning. *Id.* at 595, 589 N.E.2d at 1323. See R.C. 1.42.

{¶ 13} As the court of appeals determined, if "working with students" were construed as broadly as appellant desires, i.e., to include any time spent on an activity which assists or benefits a student regardless of the student's presence during the activity, the fifty percent or more distinction would be rendered virtually meaningless, since, as appellant admitted in her testimony, the activities of all school employees are ostensibly for the benefit of a student or a group of students. In effect, the limiting preposition "with" would be replaced with the words "in the interest of." Consequently, appellant's interpretation of R.C. 3319.02(A) would be contrary to the statute's plain and unambiguous language. See, also, R.C. 1.47(C) (presumption against any construction that would produce an unreasonable or unjust consequence); *State v. Arnold* (1991), 61 Ohio St.3d 175, 178, 573 N.E.2d 1079, 1082 (cardinal rule of statutory construction that a statute shall be construed, if practicable, as to give some effect to every part of it). Moreover, although R.C. 3319.02(A) is a remedial statute required to be liberally construed in favor of administrators and teachers, see, *e.g.*, *Smith*, *supra*, at syllabus, the issue here is whether appellant is an administrator or a teacher. The court of appeals correctly determined that the R.C. 3319.02(A) phrase "working with students" requires the presence of the student(s) when the activity is performed.

{¶ 14} The court of appeals further concluded that appellant failed to establish that she spent fifty percent or more of her time working with students in her physical presence. Although appellant claims that there was no evidence that she spent less than fifty percent of her time working with students, it is her burden to prove a clear legal right to mandamus relief. *State ex rel. Ellis v. Indus. Comm.* (1990), 53 Ohio St.3d 64, 65, 559 N.E.2d 454, 455. Prufer's testimony indicated

that appellant's work activities included only a small percentage of time in the presence of students. Appellant did not testify that fifty percent or more of her time at work was spent in the physical presence of students. Therefore, sufficient evidence supports the court's finding. Appellant's first, second, and the first portion of her third propositions of law are thus meritless.

{¶ 15} Appellant additionally asserts in her third proposition of law that the court of appeals erred when it found that the CS-1 reports prepared and filed by appellee list personnel by the type of certificate held and not by their position, and that these state funding requests and reports conclusively established that appellant spent fifty percent or more of her time working with students. Initially, it should be noted that appellant did not object below to the referee's finding that the CS-1 reports submitted to the State Department of Education, in which appellee reported appellant as being employed as a school psychologist rather than as a director or supervisor, listed "employees by the type of certificate held rather than by position held." On appeal, a party may not assign as error the court's adoption of a referee's finding of fact unless an objection to that finding is contained in that party's written objections to the referee's report. Civ.R.53(E)(6); *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 548 N.E.2d 287; see, generally, McCormac, Ohio Civil Rules Practice (2 Ed.1992) 344, Section 12.32(E). Therefore, to the extent that the referee's finding may be considered to be factual, appellant waived any error. In this regard, Superintendent Raymond's testimony that the CS-1 report indicated type of certification rather than the title or responsibilities of the position supported the referee's finding and the court's adoption of that finding. An appellate court should not substitute its judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings. *Wisinstainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 355, 617 N.E.2d 1136, 1138.

{¶ 16} Moreover, to the extent that the referee's finding may be characterized as the resolution of a question of law which is not subject to the

waiver set forth in Civ.R. 53(E)(6), see, *e.g.*, *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 5-6, 615 N.E.2d 617, 620, citing *Normandy Place Assoc. v. Beyer* (1982), 2 Ohio St.3d 102, 2 OBR 653, 443 N.E.2d 161, paragraph one of the syllabus, appellant's actual duties, rather than any "title" filled out on forms, were the critical and conclusive evidence concerning the issue of her status.

{¶ 17} For similar reasons, appellant's remaining contention under her third proposition of law, that her contracts, denominated as teacher's contracts, and not specifying her administrative position and duties pursuant to R.C. 3319.02, were conclusive evidence that she was employed as a teacher rather than an administrator, is likewise meritless. As noted by the court of appeals, the fact that a valid contract was not executed would not void the parties' agreement, and R.C. 3319.02(A) does not specify the existence of a proper contract as a determinative factor in resolving whether a school employee is an "other administrator." Even appellant admits, in her reply brief, that her status as either an administrator or a teacher must be "determined by examining what she does * * *."

{¶ 18} Appellant in her fourth proposition of law asserts that she is entitled to a supplemental contract for her additional teaching duties. Where a school board has authorized compensation for duties performed in addition to a teacher's regular duties, R.C. 3319.08 mandates that the school board shall issue a supplemental limited contract to the teacher performing such additional duties. *Wolf v. Cuyahoga Falls City School Dist. Bd. of Edn.* (1990), 52 Ohio St.3d 222, 556 N.E.2d 511, paragraph one of the syllabus. However, there is no statute authorizing a board of education to enter into supplemental contracts with nonteaching employees. *Hall v. Lakeview Local School Dist. Bd. of Edn.* (1992), 63 Ohio St.3d 380, 383, 588 N.E.2d 785, 788. Since the court of appeals correctly held that appellant was an administrator rather than a teacher, it had no legal duty to issue a supplemental contract for appellant.

{¶ 19} In short, the court of appeals correctly found that appellant possessed no clear legal right to either a continuing or a supplemental contract and appellee possessed no corresponding clear legal duty to issue such contracts because appellant was an "other administrator" as provided in R.C. 3319.02(A).

{¶ 20} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____