JOURNAL ENTRY AND OPINION
This is an appeal from an order of Domestic Relations Judge Anthony J. Russo. Appellant Terri P. Honer, f.k.a. Terri P. Warner, does not challenge that portion of the order terminating appellee Bobby Warner's obligation to provide support for their daughter, Connika, who graduated high school on June 11, 1998, only that there was an error in the calculation of the $3,438.96 child support overpayment judgment against her. We disagree and affirm.
On September 10, 1982, the judge ordered the dissolution of the parties' marriage pursuant to their petition and separation agreement. In that separation agreement, Warner agreed to pay Honer $35 per week for support of Connika, born January 9, 1980. Following a motion to modify that support, filed June 8, 1989, Warner agreed to pay $51 per week including 2% poundage. A journal entry dated March 8, 1993, contained an agreement to modify the support to $80 per week plus 2% poundage. Warner also paid Honer a $200 one-time payment for which no credit for support would be given and Honer agreed not to seek an additional modification of the award for five years.
Despite that agreement, Honer filed a motion to modify support on January 17, 1997, and on June 24, 1997, the parties agreed that Warner would pay $100 per week plus poundage in child support until Connika graduated from high school or turned age 18, whichever occurred later. Warner also agreed to pay nineteen weeks of arrearage at $20 per week for a total of $380.
On February 17, 1998, Warner filed his motion to terminate child support in light of Connika's pending graduation, and a hearing date was eventually set for January 28, 1999. The judge issued an order on January 29, 1999 staying further distribution of child support.
After receiving notice of the April 1, 1999 hearing on Warner's motion, Honer requested in writing that the hearing go forward in her absence because she did not contest a termination of child support. Following that hearing, at which only Warner appeared, Magistrate Garlandine Jones rendered a decision that found: 1) based upon the date of separation, February 3, 1982, and first modification, August 10, 1989, that Warner should have paid $13,685 in child support [$35/week x 391 weeks]; 2) for the period between August 10, 1989 and the second modification on February 17, 1993, he should have paid $9,164.50 [$50/week x 183.29 weeks]; 3) for the period between February 17, 1993 and the third modification on January 17, 1997, he should have paid $16,296.80 [$80/week x 203.71 weeks] and; 4) between January 17, 1977 and Connika's emancipation on June 11, 1998, Warner should have paid $7,286 [$100/week X 72.86 weeks].
The magistrate found that CSEA disbursed $7,479.52 before December 30, 1986 and that the February 10, 1999 certified CSEA computer screens for December 11, 1986 though January 27, 1999, revealed that the CSEA disbursed $40,468.47 (without the 2% processing fee) for a total of $48,136.26. She calculated that Warner overpaid Honer $1,703.96 as of January 27, 1999 ($46,432.30 he should have paid minus payment of $48,136.26). This figure included all prior calculations. The magistrate recommended that a judgment be rendered against Honer for $1,703.96.
On April 15, 1999, Warner filed objections to the magistrate's decision arguing that, based upon his calculations, Honer owed him $2,914 in overpayments. He claimed that, as of May 29, 1997, he was current on his obligation. Based upon the CSEA printout, he paid $7,100 from January 17, 1997 through June 11, 1998, when his child support obligation ended, with an average of $186 as of that date. From June 11, 1998 to January 16, 1999, he paid $3,100. Therefore, Warner concluded, he overpaid $2,914 ($3,100 minus $186) plus an additional $100 per week he had paid since January 16, 1999.
On June 11, 1999, the judge issued a judgment entry ordering Warner's employer to terminate withholding. On June 28, 1999, Honer filed her objections to the magistrate's decision, asserting that Warner had failed to provide total vision, health, and mental health care for the benefit of Connika from 1996 through 1998 as previously ordered by the court. At the same time, she also requested an oral hearing to review the magistrate's decision.
The judge issued his decision and judgment on September 17, 1999. He used the date of dissolution, September 10, 1982, rather than the date of separation used by the magistrate, as a starting point for child support calculations. From the date of dissolution through August 10, 1989, the judge concluded that Warner should have paid $35 for 358 weeks for a total of $12,530 but all the other figures for child support corresponded to those previously determined by the magistrate. Based upon these calculations, the judge concluded that Warner should have paid $45,277.30, including $380 that had been paid directly by Warner pursuant to their January 24, 1997 agreement, which resulted in an overpayment of $3,438.96. He then rendered judgment in that amount in favor of Warner.
Honer filed an appeal from that judgment and Warner has not filed a responsive brief.
Honer's first assignment of error states:
 I. THE COURT ERRED BY DISMISSING THE ORAL REVIEW CASE AND NOT ENFORCING THE COURT ORDER OF MAY 30, 1997, FOR REIMBURSEMENT OF VISION AND MENTAL HEALTH MEDICAL BILLS FOR THE APPELLANT.
Honer contends the judge failed to consider in his calculations the previous order requiring Warner to reimburse her for their child's medical, vision, or mental health costs which were not covered under Warner's insurance and that she had paid. We note that the oral review case to which Honer refers is apparently her request for a rehearing on Warner's motion to terminate child support. Because she waived her appearance at the initial hearing in writing, her later request to present evidence after she received an adverse decision from the magistrate frustrates the orderly administration of justice. Nezhad v.Kilgore (Dec. 18, 1998), Lawrence App. 98 CA 3, unreported, citingState v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168, 171,522 N.E.2d 524. Moreover, nothing in the "May 30, 1997" order requires Warner to reimburse any uninsured medical costs.[1] We find no merit in this assignment of error.
In her second assignment of error, Honer argues:
 II. THE TRIAL COURT FAILED TO COMPUTE THE ORIGINAL [CSEA] PAYMENT CARDS [FROM] JUNE 6, 1983. THE APPELLEE'S ATTORNEY SUBMITTED CALCULATIONS WITHOUT THE OFFICIAL COURT DOCUMENTS AND RELIED ON CALENDAR TOTALS. THE TRIAL COURT CALCULATIONS ERROREAOUSLY [sic] INCLUDED SUPPORT PAYMENTS FOR TWO DEPENDENTS FROM A PREVIOUS MARRIAGE ON THE [CSEA] PAYMENT CARDS.
Honer challenges the calculations as incorrect because some entries on the pre-1987 ledger sheets reflected payments made to Warner's first wife for the support of two other children. In addition, she claims the calculations also did not reflect support payments required to be paid from June 6, 1983. Finally, Honer asserts that the evidence submitted by Warner's attorney was not certified.
Honer did not object to the magistrate's decision upon the bases asserted in this assignment of error and, therefore has waived this assignment of error for our review. On appeal, a party may not assign as error the court's adoption of a referee's finding of fact unless an objection to that finding is contained in that party's written objections to the referee's report. State exrel. Donah v. Windham Exempted Village School Dist. Bd. of Edn.
(1994), 69 Ohio St.3d 114, 118, 630 N.E.2d 687; Civ.R. 53(E)(3)(6).
In any event, we note the pre-1987 ledger sheets reflect that any erroneous child support entries were immediately corrected. Additionally, the September 17, 1999 order from which she appeals indicates that the judge relied upon certified copies of the original support payment record on file with the CSEA for 1987 through February 3, 1999 (the last payment after entry of the January 29, 1999 stay of distribution order) and the pre-1987 ledger sheets. Finally, Honer has not explained why the child support payments should have been calculated from June 6, 1983 when the pre-1987 ledger sheets indicate that over $900 in support had been paid by that date.
It is ordered that the appellee recover from appellant his costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The "May 30, 1997" order to which Honer refers, and which is attached as Exhibit B of her appellate brief, was journalized on June 4, 1997.