JOURNAL ENTRY AND OPINION
Appellant, Tina Hicks, is appealing the trial court's grant of summary judgment in favor of appellee, Michelle William, the trial court's award of damages to appellee, and the court's denial of appellant's Civ.R. 60(B) motion. For the following reasons, we affirm.
Appellant owned two residential homes, one at 8768 Yellowstone Parkway in Olmsted Township and one at 16909 Pearldale Avenue in Cleveland. Appellant sold the Pearldale home to Michelle Williams, appellee. Appellant signed an affidavit of lien, stating that there were no outstanding mortgages on the property, besides a mortgage held by Bank One. Appellee hired First American Title Company to do a title search. First American did not find any other mortgages.
There was an outstanding mortgage on the Pearldale property held by Charter One Bank. Appellant signed this mortgage as mortgagor. Charter One also held a mortgage on the Yellowstone Parkway property.
Subsequently, Charter One Bank filed a foreclosure action against both properties. Williams-appellee filed a cross-claim against appellant for breach of contract, fraud and indemnity.
Charter One and appellee-Williams agreed that the Yellowstone property would be foreclosed first, and the proceeds applied to the mortgage. Then, appellee could satisfy any deficiency. The Yellowstone property was sold on July 12, 1999. There was a deficiency of $28,179.99. This deficiency was paid to Charter One, and Charter One dismissed its claims against appellee.
On January 28, 2000, appellee filed a motion for summary judgment on her claims against appellant. Appellee served the motion to appellant at the Yellowstone address. Appellant did not file a reply brief. The trial court granted appellee's motion for summary judgment, the amount of damages to be determined by the magistrate.
The magistrate found that appellee paid the $28,179.99 to Charter One. He found that appellee was damaged in this amount. Appellant objected to the magistrate's report, stating that appellant was unable to attend the hearing due to her mother's critical health situation.
Appellant filed a Civ.R. 60(B) motion. Appellant asserted that appellee did not properly serve her with the motion for summary judgment. Appellee knew that appellant no longer lived at Yellowstone, because Charter One foreclosed upon the property. Moreover, appellee knew that appellant was represented by Brian Bartko, and should have served the motion upon him. Brian Bartko averred that he never received a copy of the motion for summary judgment. Appellant asserted she had a meritorious defense, because she relied upon professionals to handle the sale of the Pearldale property.
The trial court denied appellant's Civ.R. 60(B) motion, and adopted the magistrate's decision.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT DEVIATED FROM THE LAW AND COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT TINA HICK'S RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT.
In order to prevail on a motion for relief from judgment brought pursuant to Civ.R. 60(B), the movant must demonstrate (1) a meritorious claim or defense, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5), and (3) timeliness of the motion. GTE Automatic Electric, Inc. v. ARC Industries(1976),47 Ohio St.2d 146; Buckeye Fed. S. L. Assn. v. Guirlinger (1991),62 Ohio St.3d 312, 314. The trial court's determination on a Civ.R. 60(B) motion will be reversed only if the trial court abused its discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20-21.
Appellant asserts she is entitled to relief from judgment under Civ.R. 60(B)(1). She contends that mistake, inadvertence, or excusable neglect occurred by granting the motion for summary judgment when it was not properly served upon her.
Service upon a party shall be made upon the attorney of record. Civ.R. 5(B). Service is insufficient when the client, not the lawyer was served, and the client avers he did not receive notice or did not understand the import of the notice. Swander Ditch Landowners' Assoc. v. Joint Board of Huron and Seneca Cty. Commrs. (1990), 51 Ohio St.3d 131; Mazepa, Inc. v. Krueger (May 15, 1997), Cuyahoga App. No. 70472, unreported.
There is no affidavit from appellant that she did not receive the motion for summary judgment and/or did not understand its import. The certificate of service is normally construed as indicating that the opposite party actually received service. Lin v. Reid (1983),11 Ohio App.3d 232, 235. While appellant's attorney was not served, appellant did not show that she was prejudiced by the failure to serve her attorney. See Aztec Elec., Inc. v. Ohio Dept. of Admin. Serv. (Jan. 31, 1991), Franklin App. No. 90AP-833, unreported; Walling v. Watkins (Sep. 26, 1991) Cuyahoga App. No. 59167, unreported. The trial court would not have abused its discretion in finding that granting the summary judgment motion was proper when, according to the evidence before the court, appellant received the motion and understood its import.
Appellant argued she had a meritorious defense because she relied upon professionals to handle the sale of the Pearldale property. Appellant asserts there was no fraud, because she did not know about the lien, or was not reckless in regards to its existence. See Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42. The complaint also sought contribution or indemnity. Appellee was entitled to subrogation by paying the debt to protect her interest in the property, for which debt appellant was primarily liable. See Joyce v. Dauntz (1896), 55 Ohio St. 538; State Dept. of Taxation v. Jones(1980), 61 Ohio St.2d 99, 102. Appellees may be entitled to indemnity if the purchase agreement and affidavit of lien give rise to an express or implied contract. See Travelers Indemnity Co. v. Trowbridge (1975), 41 Ohio St.2d 11, overruled on other grounds Motorists Mut. Ins. Co. v. Huron Rd. Hosp.(1995), 73 Ohio St.3d 391; Anderson v. Olmsted Utility Equipment, Inc. (1991), 60 Ohio St.3d 124 . Appellant does not have a meritorious defense to the claims of subrogation or indemnity.
Appellant asserts for the first time on appeal that appellee had no damages, because First American Title paid the deficiency. Arguments not timely raised below are waived, and need not be considered by an appellate court. See Gallagher v. Cleveland Browns Football Co. (1996),74 Ohio St.3d 427; State v. Williams (1977), 51 Ohio St.2d 112.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT DEVIATED FROM THE LAW AND COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT-APPELLANTS' BASIC RIGHT TO TRIAL BY GRANTING A MOTION FOR SUMMARY JUDGMENT.
Appellant asserts that granting summary judgment was improper, because the evidence did not demonstrate that she made an intentional misrepresentation. Additionally, appellee did not demonstrate that she suffered damages.
A copy of the mortgage to Charter One, signed by appellant, was in evidence. This document indicated that appellant was aware of the mortgage, or was reckless in regard to its existence. See Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42. The affidavit of lien and purchase agreement demonstrated that appellant represented to appellee that there were no other liens on the property. The court ordered that the Yellowstone Parkway and Pearldale properties be sold. The record indicates that the sale of the Yellowstone property did not cover appellant's debt to Charter One. Thus, appellee demonstrated that she was damaged because of the misrepresentation. Reasonable minds can only conclude that the elements of fraud were shown. See Civ.R. 56(C); Russ v. TRW, supra (elements of fraud). Additionally, as discussed above, appellee was entitled to subrogation or indemnification.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE TRIAL COURT DEVIATED FROM THE LAW AND COMMITTED REVERSIBLE ERROR WHEN IT AWARDED NON-INCURRED DAMAGES AGAINST TINA HICKS.
 Appellant did not raise this issue in an objection to the magistrate's decision, or otherwise raise this issue before the trial court. On appeal, a party may not assign as error the court's adoption of a referee's finding of fact unless an objection to that finding is contained in that party's written objections to the referee's report. See Civ.R. 53(E)(3)(b); State ex rel. Donah v. Windham Exempted Village School Dist. Bd. of Educ. (1994), 69 Ohio St.3d 114; Gallagher v. Cleveland Browns, supra.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________ ANN DYKE, J.