OPINION
{¶ 1} Defendants William and Tina Hannah appeal a judgment of the Municipal Court of Delaware County, Ohio, which terminated the land contract between appellants and Plaintiff-appellee John Burke, dba, JiAngelo Builders, and granting a writ of restitution of the subject premises. Appellants assign three errors to the trial court:
 {¶ 2} "THE TRIAL COURT ERRED IN CONCLUDING THAT PLAINTIFF-APPELLEE WAS ENTITLED TO FORFEITURE OF DEFENDANTS-APPELLANTS' INTEREST IN THE REAL PROPERTY PURSUANT TO R.C. 5313.07.
 {¶ 3} "THE TRIAL COURT ERRED IN CONCLUDING THAT DEFENDANTS-APPELLANTS WERE IN DEFAULT OF THE AGREEMENTS.
 {¶ 4} "THE JUDGMENT ENTRY DECLARING THE DEFENDANT-APPELLANTS [SIC] INTEREST IN THE PROPERTY FORFEITED, AND GRANTING THE PLAINTIFF APPELLEE A WRIT OF RESTITUTION OF THE PREMISES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} The matter was referred to a magistrate, who rendered a decision on October 10, 2002. The magistrate found the parties had entered into a real estate purchase agreement whereby the appellee agreed to build a home on a lot he owned and then sell it to appellants. The agreement incorporated a contemporaneous lease agreement for the same premises. Under the terms of the two agreements, appellant took occupancy of the home upon completion, and agreed to pay appellee $5,000 down plus $5,000 per year in lump-sum payments towards the purchase for two years, with a balloon payment of $349,000 at the end of three years. In addition to the purchase price, appellants contracted to pay rent of $2,985 per month until the final balloon payment. Appellants also agreed to pay the real estate property taxes.
 {¶ 6} Shortly after taking possession, the parties experienced a number of problems. Appellants did not pay the property taxes due on February, 2002. In July and August, immediately prior to the commencement of the lawsuit, appellants failed to pay two rent payments. In defense, appellants argued they expended substantial funds to improve the home during the brief period they occupied it. Appellants argued before the magistrate appellee was in default of the agreements because he had failed to correct a number of items on the parties' "punch list" following the completion of the construction. There were problems with the plumbing fixtures and the sanitary plumbing lines.
 {¶ 7} The magistrate found the parties' agreements did not meet the requirements of R.C. 5313.02, which controls the provisions required in every land installment contract. In fact, the magistrate found of the sixteen items required by the code to be included in a land installment contract, the parties' agreement failed to satisfy eight. The magistrate also found there were no evidence the contract was ever recorded.
 {¶ 8} The magistrate found appellants were not prejudiced by the failure to comply with the statutory requirement for contents of the land contract. The magistrate found regardless of whether the agreement was construed as a land installment contract or merely a contract to purchase coupled with a lease agreement, the appellee possesses the same option to terminate the contract and evict appellants. The magistrate found the appellants could not retain possession of the premises while withholding payments under the two agreements. The magistrate concluded appellants were in default on the terms of the agreement with appellee, and had not paid enough towards the purchase price that they were entitled to foreclosure of their interest in the property.
 III {¶ 9} In their third assignment of error, appellants argue the trial court's judgment was against the manifest weight of the evidence and was error as a matter of law.
 {¶ 10} Civ.R. 53(E)(3) provides any party may file objections to a magistrate's decision within 14 days. The Rule further states the parties shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the parties object to that finding or conclusion under the Rule. If there are no written objections filed, the court may adopt the magistrate's decision after determining there is no error of law or other defect.
 {¶ 11} The trial court's docket does not indicate either party ever requested findings of fact and conclusions of law from the magistrate, nor did either party file an objection to the magistrate's report.
 {¶ 12} In State ex rel. Donah v. Windam Exempted School DistrictBoard of Education (1994), 69 Ohio St.3d 114, 630 N.E.2d 687, the Supreme Court held a party may not assign as error the court's adoption of a referee's finding of fact unless the objection to the finding is contained within written objections to a referee's report.
 {¶ 13} We find appellant cannot raise the issue of manifest weight of the evidence before us, because the record does not demonstrate he preserved this issue by presenting it to the trial court. Thus, we are restricted to a review of whether the report contains error as a matter of law.
 {¶ 14} We have reviewed the record, and we find the magistrate correctly stated the law regarding land contracts, and correctly applied it to this dispute in question. We find no error as a matter of law in the within decision. The third assignment of error is overruled.
 I {¶ 15} In their first assignment of error, appellants argue the trial court incorrectly found appellee was entitled to forfeiture of appellants' interest in the real property pursuant to R.C. 5313.07.
 {¶ 16} Appellants argue appellee failed to meet his burden of proving appellants had paid less than twenty percent of the purchase price of the property, and therefore, appellee was entitled to forfeiture of the property rather than foreclosure.
 {¶ 17} The magistrate's decision outlines the contract between the parties, and appellee attached copies of the agreements to his complaint.
 {¶ 18} The magistrate found the parties' agreement did not comply with the land installment contract requirements of R.C. 5313.02, and further, even if there was a valid and enforceable land installment contract, the parties had paid insufficient amounts to acquire a vested interest in the property.
 {¶ 19} Our review of the record leads us to conclude the magistrate correctly found appellants did not pay a sufficient amount under the agreement to vest their interest in the property.
 {¶ 20} The first assignment of error is overruled.
 II {¶ 21} In their second assignment of error, appellants argue the trial court was incorrect in finding them in default.
 {¶ 22} The record indicates appellants admitted they did not make the payments called for in their agreements with appellee, and did not attempt to pay the money due under the lease agreement into escrow with the clerk of courts. Instead, appellants testified they had not and did not intend to pay appellee until he finished the work they wanted done.
 {¶ 23} Appellants argue they were not in default in making the payments to appellee because appellee was first in default in performance of promises with respect to the repair and replacement of various items in the premises.
 {¶ 24} We find the trial court did not err in finding appellants were in default of the agreements.
 {¶ 25} The second assignment of error is overruled.
 {¶ 26} For the foregoing reasons, the Municipal Court of Delaware County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.