OPINION
{¶ 1} In this case, Robert Quaglieri appeals from the judgment of the Municipal Court of Fairborn, Ohio, adopting the Magistrate's Decision from January 30, 2006, which found Mr. Quaglieri liable to Christopher and Melanie Tidwell ("Tidwells") for a withheld security deposit in the amount of $950.00 with 6% interest.
 {¶ 2} The record indicates that the Tidwells rented a house from Mr. Quaglieri located at 2564 Coldsprings Drive, Beavercreek, Ohio, between June 1, 2001 and June 5, 2005. At the start of the rental agreement, the Tidwells provided Mr. Quaglieri with a $1250.00 security deposit.
 {¶ 3} This dispute arises from a disagreement between the parties as to the condition of the premises when the Tidwells vacated the house on June 5, 2005. On April 26, 2005, the Tidwells notified Mr. Quaglieri that they would be terminating the rental agreement on June 10, 2005. They proposed that Mr. Quaglieri subtract the pro-rated amount for the extended days in June from their security deposit. They also suggested that Mr. Quaglieri apply the remaining amount to "any minor damage" that may have occurred during their rental term. At the end of the letter, the Tidwells provided their forwarding address. In response, Mr. Quaglieri indicated that he would conditionally accept partial payment for the days in June that the Tidwells remained in the house. He also stated that he would provide the Tidwells with an itemized list of all expenses incurred for repair of damages. Specifically, he noted that the linoleum in the kitchen had been damaged. Finally, Mr. Quaglieri informed the Tidwells that his handyman, Timothy Russell, needed to perform a preliminary walk-thru inspection in order to assess any damage.
 {¶ 4} In a subsequent letter, Mr. Quaglieri informed the Tidwells that he would accept a pro-rated amount of $208.33 for the first five days of June. He also agreed to pay one-half of the carpet cleaning costs, estimated to be $272.07.
 {¶ 5} The Tidwells moved out on June 5, 2005. They pro-rated their rent accordingly. On July 8, 2005, the Tidwells contacted Mr. Quaglieri, noting that they had not received their security deposit. They cited R.C. 5321.16(B), which provides that "[u]pon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security depositshall be itemized and identified by the landlord in a written noticedelivered to the tenant together with the amount due, within thirty daysafter termination of the rental agreement and delivery ofpossession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. * * * * " (Emphasis added.) In accordance with this statute, the Tidwells claimed that Mr. Quaglieri's failure to give them an itemized list of deductions from their security deposit within 30 days of June 5 entitled them to double the amount of the security deposit wrongfully withheld, reasonable attorney fees and a filing fee. R.C. 5321.16(C).
 {¶ 6} Mr. Quaglieri responded with a letter indicating a number of maintenance issues that he asserted would require the full amount of the Tidwells' security deposit to repair. He further indicated that this was the manner to which the parties had agreed to cover any damage found to the premises.
 {¶ 7} The Tidwells filed their Complaint on July 29, 2005, arguing that they had met the obligations of their lease, yet Mr. Quaglieri had failed to return their security deposit in the amount of $1250.00. They asserted that they were entitled to damages in the amount of $2535.00 — double the amount of the wrongfully withheld security deposit plus a filing fee — pursuant to R.C. 5321.16.
 {¶ 8} A hearing was subsequently held in the Small Claims Division before a magistrate. Based on the evidence presented from both parties at this hearing, the magistrate issued her decision on January 30, 2006, in which she made several findings relevant to the calculation of damages. First, she found that the Tidwells had made a number of cosmetic changes to the property without permission from Mr. Quaglieri. One change, painting over the wallpaper and paneling in the family room, was estimated to cost $325.00 for labor and materials to return to its original state. To repanel a half wall was estimated to cost $250.00 for labor and materials. The magistrate also found that it would cost $150.00 to repatch a damaged portion of the linoleum in the kitchen; however, she also concluded that Mr. Quaglieri's request for all new linoleum was too speculative, as was his request for all new carpeting. Furthermore, the magistrate estimated it would cost $50.00 to reseed the yard due to bare patches left from the Tidwells' swingset. Finally, she attributed ordinary wear and tear for the damage to the garage door opener and a stair inside the house.
 {¶ 9} Based on these findings, the magistrate held that Mr. Quaglieri was entitled to only $775.00 from the Tidwell's security deposit. Therefore, he had wrongfully withheld $475.00. Pursuant to R.C. 5321.16, the magistrate granted judgment to the Tidwells in the amount of $950.00 with 6% interest and Mr. Quaglieri to pay court costs. Copies of this decision were sent to the parties by ordinary mail on January 30, 2006.
 {¶ 10} On February 15, 2006, the trial court issued its Judgment Entry adopting the Magistrate's Decision. The court noted that the decision was adopted in its entirety because neither party had objected to the decision and there was no error of law or other defect on its face.
 {¶ 11} On March 8, 2006, Mr. Quaglieri contacted the court by letter. He requested a transcript of the hearing and a stay on the decision, asserting that he had been away from his Beavercreek address between January 18, 2006 and March 4, 2006, and, thus, had been unaware of his responsibility to object to the Magistrate's Decision within 14 days as required by former Civ. R. 53(E)(3)(a). He also indicated that all carpet would need to be removed from the rental property at issue after the current tenants leave because of stains and odors allegedly attributed to the Tidwells' dog.
 {¶ 12} The trial court treated this letter as a motion for extension of time to file objections to the Magistrate's Decision in its Judgment Entry filed March 13, 2006. Citing the 14-day requirement of former Civ.R. 53(E)(3)(a), the trial court found that the letter sent approximately one month after the Magistrate's Decision was untimely. Therefore, the trial court overruled Mr. Quaglieri's motion. It is from this Judgment Entry that Mr. Quaglieri appeals.
 {¶ 13} In support of his appeal, Mr. Quaglieri raises the following assignments of error:
 {¶ 14} I. "The trial court erred and abused its discretion in adopting and enforcing the Magistrate's Decision when it should have been vacated due to a lack of service upon Appellant since he was out of the country when the Magistrate's Decision was issued by the Fairborn Municipal Court and thus, prevented from filing timely objections to said decision."
 {¶ 15} II. "The trial court erred in adopting and enforcing the Magistrate's Decision since Appellant was denied his right to timely file objections due to Appellant not being served with said decision and being out of the country when the decision was issued by the Fairborn Municipal Court."
 {¶ 16} III. "The magistrate erred when she allowed only partial replacement of the damaged linoleum."
 {¶ 17} IV. "The magistrate erred when she valued a partial replacement of the linoleum damaged by the Tidwells as renters."
 {¶ 18} V. " The magistrate erred when she granted the Tidwells judgment of $950.00 plus interest when they admitted to damaging the residence but failed to award damages to the landlord appellant for the carpet damage and other repairs."
 {¶ 19} VI. "The magistrate erred by not finding a breach of the parties [sic] oral agreement regarding retention of the security deposit."
 {¶ 20} Upon review of the record, we find that the trial court did not abuse its discretion in denying Mr. Quaglieri an extension of time to object to the Magistrate's Decision, and in adopting the decision in its entirety. Accordingly, the judgment of the trial court will be affirmed.
 I {¶ 21} The standard of review is abuse of discretion. In order to find an abuse of discretion, a reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. However, an abuse of discretion most commonly arises from a decision that is unreasonable. Schafer v.RMS Realty (2000), 138 Ohio App.3d 244, 300, 741 N.E.2d 155, citingAAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597. Decisions are unreasonable if they lack a sound reasoning process to support them. Id. When applying an abuse of discretion standard, a reviewing court shall not merely substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 II {¶ 22} We will address Mr. Quaglieri's first and second assignments of error together as they are interrelated. Mr. Quaglieri claims that the trial court abused its discretion in adopting the Magistrate's Decision and in overruling his motion to file objections. First, he argues that lack of service prevented him from timely filing objections, where he was out of the country at the time the Magistrate's Decision was issued and unaware that he had received a copy of the decision in his ordinary mail. We disagree.
 {¶ 23} Under Civ.R. 5(B), service may be made upon a party "by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served or, if no address is known, leaving it with the clerk of the court." From this rule, "[i]t is clear that service under sentence two of Civ.R. 5(B) by ordinary mail to the last known address of the person to be served is appropriate." 1 Klein Darling, Civil Practice (2 Ed.2004) 573-74, Section 5:8. Where service is made by mailing it to the last known address of the person to be served, it is complete upon mailing.
 {¶ 24} Here, Mr. Quaglieri erroneously implies that failure to deliver a copy of the Magistrate's Decision to him personally constituted lack of service, for he was out of the country and unable to receive the document. Mr. Quaglieri's interpretation of Civ. R. 5 is misconstrued. The trial court could choose one of four methods to serve him. "Delivering a copy to the person to be served" is only one method. Instead, the court appropriately chose to serve Mr. Quaglieri by ordinary mail, sending the decision to his last known address on January 30, 2006. Thus, Mr. Quaglieri's argument that lack of service prevented him from objecting to the Magistrate's Decision lacks merit.
 {¶ 25} Next, Mr. Quaglieri argues that the trial court abused its discretion by denying him the right to object to the Magistrate's Decision. Specifically, he claims that he was out of the country when the decision was issued; therefore, he was unable to comply with the requirement of former Civ.R. 53(E)(3)(a) that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, * * * ."
 {¶ 26} Here, the trial court issued its Judgment Entry adopting the Magistrate's Decision on February 15, 2006, which was 16 days after the decision had been filed. Mr. Quaglieri did not respond until March 8, 2006. The trial court treated his response as a motion for extension of time to file objections to the Magistrate's Decision. Finding the motion to be untimely, the trial court overruled the motion pursuant to former Civ.R. 53(E)(3)(a). We do not find this to be an abuse of discretion.
 {¶ 27} We will liberally treat Mr. Quaglieri's request for an extension of time to file objections as a Civ.R. 60(B) motion for relief from judgment. Civ.R. 60(B) provides parties with an opportunity to obtain relief from a court's order or judgment. It states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1 ), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 28} To prevail on a motion brought under Civ.R. 60(B), a moving party must demonstrate (1 ) a meritorious claim or defense if relief is granted, (2) entitlement to relief under one of the grounds stated within the rule, and (3) that the motion is made within a reasonable time. GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 150-51, 351 N.E.2d 113. Furthermore, failure to meet any of the three requirements under the rule will result in denial of the Civ.R. 60(B) motion. Greenmount Mut. Hous. Corp. v. Silcox, Montgomery App. No. 19714, 2003-Ohio-2207, at]}14 (citation omitted).
 {¶ 29} A court's decision to grant or deny a motion brought under Civ.R. 60(B) will not be reversed on appeal absent an abuse of discretion. Id. at ¶ 15 (citation omitted). In the present action, Mr. Quaglieri states that he was not at his residence between January 18, 2006 and March 4, 2006, and that his mail was being held by the post office. As a result, he claims that he was unable to timely respond to the Magistrate's Decision, which was served upon him on January 30, 2006. Mr. Quaglieri asserts that his failure to timely file an objection to the Magistrate's Decision because he was out of town amounts to excusable neglect.
 {¶ 30} We do not believe that the trial court abused its discretion in finding that Mr. Quaglieri's actions were inexcusable neglect. Mr. Quaglieri was aware that he was a party to a pending litigation and that a final judgment was scheduled to be rendered. It was his responsibility to make arrangements for mail addressed to him to ultimately be delivered to him. On the other hand, the court fulfilled its responsibilities by appropriately serving Mr. Quaglieri by ordinary mail to his last known address. It also clearly indicated at the bottom of the Magistrate's Decision that Mr. Quaglieri was required to follow former Civ.R. 53(E)(3) should he decide to object to any finding of fact or conclusion of law in that decision. We do not find this to be an abuse of discretion.
 {¶ 31} Having concluded that Mr. Quaglieri was not entitled to relief under the grounds of Civ.R. 60(B), we do not need to determine whether he has a meritorious defense or claim, or whether his motion was made within a reasonable time. Accordingly, Mr. Quaglieri's first and second assignments of error are overruled.
 III {¶ 32} In his third, fourth, fifth and sixth assignments of error, Mr. Quaglieri argues the merits of his case rather than his Civ.R. 60(B) motion. Had Mr. Quaglieri wanted to argue errors concerning the Magistrate's Decision, he should have timely filed his objections with the trial court within 14 days from the date the decision was issued. Former Civ.R. 53(E)(3) provides that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, * * * unless the party has objected to that finding or conclusion" within the required 14 days of the filing of the magistrate's decision. See, also, State ex rel. Donah v. WindhamExempted Village School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 114,118, 630 N.E.2d 687.
 {¶ 33} We find that we cannot address the issues presented by Mr. Quaglieri in these assignments of error because he failed to timely file any objections to the Magistrate's decision. See Greenmount MutualHousing Corp., at ]}19. Therefore, Mr. Quaglieri's third, fourth, fifth and sixth assignments of error are overruled.
 {¶ 34} For the foregoing reasons, the judgment of the trial court is affirmed.
Grady and Donovan, JJ., concur.