OPINION
{¶ 1} Plaintiff/Appellant Ronald Burgess (hereafter Appellant) appeals from the Montgomery County Court of Common Pleas entry denying Appellant's Civ. R. 60(B) motion for relief from the court's grant of summary judgment in favor of Defendants/Appellees Safe Auto Insurance Co. (hereafter Safe Auto) and Fifth Third Bank Co. (hereafter Fifth Third). For the reasons that follow, we affirm.
 {¶ 2} Appellant became a Safe Auto customer on June 28, 2003. In August of 2003, Appellant began using the online bill payment feature offered by his bank Fifth Third to pay his insured Safe Auto's monthly premium. Appellant elected to have the date when Safe Auto was paid to be self scheduled rather than have the premium automatically deducted from his account on a given day each month. Appellant scheduled his payment to Safe Auto for October 24, 2003, rendered his online transaction for his premium, and assumed the bill had been properly paid.
 {¶ 3} Appellant got into an automobile accident on November 19, 2003. When Appellant contacted Safe Auto in order to file a claim, Safe Auto informed Appellant that his insurance coverage had been cancelled on October 28, 2003 for Appellant's failure to timely pay his premium. Safe Auto indicated that on November 5, 2003 Safe Auto had mailed Appellant a letter detailing the lapse in coverage due to overdue payment. Safe Auto re-instated Appellant's insurance coverage on November 21, 2003.
 {¶ 4} In response, Appellant contacted Fifth Third to inquire about why his online payment to Safe Auto had not been received. Upon reviewing Appellant's online banking information, Fifth Third discovered that Appellant had used an incorrect payee number for Safe Auto. This had prevented Appellant's payment from being received by Safe Auto. Fifth Third corrected the payee information and forwarded a check to Safe Auto via express mail. Safe Auto received the payment on November 26, 2003.
 {¶ 5} On January 13, 2004, Appellant filed a complaint against Safe Auto and Fifth Third, alleging that Safe Auto was liable for any damages arising out of the accident because Safe Auto improperly cancelled his insurance coverage. Appellant alternatively alleged that Fifth Third was alternatively liable for not promptly forwarding payment to Safe Auto as authorized by Appellant via online banking. Safe Auto and Fifth Third filed answers denying liability.
 {¶ 6} On July 19, 2004, Fifth Third filed a motion for summary judgment alleging that there was no genuine issue of material fact as to Fifth Third's liability. Fifth Third alleged that it complied with Appellant's online banking orders in so much as it could given Appellant providing incorrect payee information. Appellant's memorandum in response to Fifth Third's motion was due August 5, 2004.
 {¶ 7} Also on July 19, 2004, Safe Auto filed a motion for an extension of time to file its summary judgment motion because it needed additional time to review discovery documents. The trial court granted an extension until July 29, 2004. Safe Auto filed its motion for summary judgment on July 29, 2004, alleging that Safe Auto properly cancelled Appellant's coverage when it did not receive timely payment from Appellant. Appellant's memorandum in response to Safe Auto's motion was due August 16, 2004.
 {¶ 8} On August 11, 2004 Appellant filed a motion requesting an extension of time to file his response memoranda. Appellant stated that he needed two weeks from September 1, 2004, when the depositions related to the case were scheduled, to complete the responses and incorporate the information from the depositions. The trial court granted Appellant's request, granting Appellant until September 15, 2004 to submit his responses and Safe Auto and Fifth Third until September 22 to file reply memoranda. The trial court did not penalize Appellant for missing his August 5 deadline.
 {¶ 9} On September 22, 2004 Safe Auto filed a motion stating that Appellant had failed to file response memoranda by the extended September 15 deadline as the trial court had instructed. On September 27, 2004, the trial court granted summary judgment in favor of Safe Auto and Fifth Third. The trial court entry indicated that the order was final and appealable within 30 days of its journalization. On September 28, 2004 Appellant filed a response in opposition to Safe Auto and Fifth Third's motions for summary judgment.
 {¶ 10} On October 1, 2004 Appellant filed a motion styled as a motion for reconsideration of the trial court's final order from September 27. Fifth Third and Safe Auto both filed memoranda in opposition, arguing that the Ohio Rules of Civil Procedure view motions for reconsideration of final orders to be nullities as stated in Pitts v. Ohio Dept of Transportation (1981),67 Ohio St.2d 378, 379, 423 N.E.2d 1105. As such, both Fifth Third and Safe Auto requested that the trial court deny Appellant's motion.
 {¶ 11} On October 21, 2004 the trial court journalized its decision to construe Appellant's motion for reconsideration as a motion for relief from judgment under Civ. R. 60(B). The trial court further indicated that it would allow Appellant to file a supplemental memorandum by November 4, 2004 to support its motion for such relief. The trial court granted Safe Auto and Fifth Third until November 18, 2004 to file responses to Appellant's supplemental memorandum and Appellant until November 25, 2004 to reply.
 {¶ 12} On November 5, 2004 Appellant filed a supplemental memorandum alleging that, under Civ. R. 60(B)(1) Appellant acted with excusable neglect when he missed previous deadlines set by the trial court. Appellant indicated that he had calendared the wrong submission date and had filed on time according to the incorrect date. Appellant also argued that he should be provided relief from judgment under Civ. R. 60(B)(5) because there existed genuine issues of material fact which required a trial.
 {¶ 13} On November 17, 2004 Fifth Third had filed a memorandum in opposition alleging that incorrect record-keeping was not excusable neglect. Fifth Third further alleged that even if incorrect record-keeping could sometimes be excusable neglect, it was not in this case because Appellant had an extension from August 11 until September 15 so that Appellant could take depositions and incorporate such in his response. As Fifth Third pointed out, Appellant did not file his response until September 28, 2004 (which did not reference any depositions) and did not file any depositions whatsoever.
 {¶ 14} Safe Auto sought and received an extension to file its response on November 29, 2004. In its response, Safe Auto alleged that Appellant had not provided any proof beyond what was presented in the complaint to support a genuine issue of material fact for trial. Appellant replied to Fifth Third's memorandum in opposition on December 3, 2004. Appellant did not file a reply to Safe Auto's response.
 {¶ 15} On February 11, 2005 the trial court overruled Appellant's motion for relief from judgment pursuant to Civ. R. 60(B). The trial court applied the three factor test as set forth by the Ohio Supreme Court, which requires that, pursuant to Civ. R. 60(B), a movant must demonstrate that:
(1) the party has a meritorious defense or claim to present if relief is granted;
(2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and
(3) the motion is made within a reasonable time.
GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 150, 351 N.E.2d 113.
 {¶ 16} After deciding that Appellant in fact had a meritorious claim to present, the trial court found that Appellant lacked excusable neglect as required by the second prong of the GTE test. The trial court explained as follows:
 {¶ 17} "The instant Plaintiff initially missed the deadline to file an opposing memorandum to Defendant Fifth Third's summary judgment motion. The Plaintiff tardily requested a two week extension of time, highlighting that depositions were scheduled to be taken and time to get transcripts and prepare arguments was needed. This Court granted the extension on August 11, expressly providing that the opposing memorandum deadline was September 15 and that the reply in support was [sic] September 22. Also similar to Woodson, the Plaintiff missed the second deadline, filing his memorandum contra later than the reply in support brief was filed.
 {¶ 18} "Any mistake regarding the deadline is further inexcusable in light of the fact that Defendant Safe Auto filed a reply in support on September 22- the deadline set in the extension- that highlighted the Plaintiff had missed the original and extended deadlines. Plaintiff's memorandum contra was filed six days after the reply in support. Furthermore, unlike the plaintiff in Blair whose counsel missed the responsive deadline because the wrong local rules were analyzed, the instant Plaintiff's extended deadline was expressly provided by this Court in the extension. Plaintiff's Support Memo cites the fourteen day deadline pursuant to Montgomery County Local Rules, but fails to address the fact that the second deadline missed was not pursuant to the Local Rules, but was set by this Court to specifically grant the time requested by the Plaintiff. Also notable, the upcoming depositions cited by the Plaintiff as the reason for the extension were not cited in the untimely memorandum contra. The Second District in E.G. Lewis also appears to disfavor calendaring mistakes as a basis for excusable neglect.
 {¶ 19} "The Plaintiff missed two deadlines, with the second deadline being specifically set by an extension order filed by this Court according to Plaintiff's express needs. The depositions that the Plaintiff expressly claimed were needed were never referenced or argued in the untimely memorandum contra. Furthermore, any mistake about the due date would have been specifically brought to the Plaintiff's attention when the timely reply in support (to a non-existent oppositions memoranda) was filed and served on the Plaintiff's attorney. The untimely memorandum contra was filed six days after the reply in support, and while the Plaintiff presents a conclusory argument that he was mistaken about the deadline, he provides no explanation for what exactly his mistake was. He also does not explain how he remained mistaken after the reply in support arrived highlighting his mistake."
 {¶ 20} The trial court found that Appellant's alternative argument, that the Civ. R. 60(B) motion should be granted because Appellant had a genuine issue of material fact to present at trial, was an improper use of the "catchall" provision of Civ. R. 60(B)(5). The trial court noted that Appellant's arguments that summary judgment was improperly granted is properly addressed in a direct appeal, for which Civ. R. 60(B) is no substitute. Moreover, since the trial court found that Appellant did not meet the requirements of the second mandatory prong of the GTE test, it declined to review the third prong concerning whether the application was made within a reasonable time.
 {¶ 21} Appellant filed a notice of appeal on March 1, 2005 from the trial court's denial of Appellant's Civ. R. 60(B) motion. Appellant presents one assignment of error for this Court's appellate review, namely that "the trial court erred in finding against Plaintiff's motion for relief from judgment, in that operative facts were prevalent to show that plaintiff was entitled to relief from judgment." Since the trial court denied Appellant's motion because it found that Appellant failed to satisfy demonstrate a reason to justify granting relief, this Court will focus on that prong of the Civ. R. 60(B) test.
 {¶ 22} The standard of appellate review used to evaluate a trial court's decision to deny a Civ. R. 60(B) motion is abuse of discretion. State ex rel. Russo v. Deters (1997),80 Ohio St.3d 152, 153, 684 N.E.2d 1237, 1997-Ohio-351. An abuse of discretion is more than a mere error in judgment or law; rather, it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 23} In order to prevail on a Civ. R. 60(B) motion, the moving party must demonstrate (1) the existence of a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ. R. 60(B)(1)-(5); and (3) that the motion was made within a "reasonable time." GTE, 47 Ohio St.2d at 150,351 N.E.2d at 114. If any of these requirements are not met, the trial court must overrule the Civ. R. 60(B) motion. RoseChevrolet Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564, citing Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351,453 N.E.2d 648. Although Civ. R. 60(B) is a remedial rule requiring liberal construction favoring determination of cases on the merits, the rule cannot be used to emasculate procedural rules and time limits. Griffey v. Rajan (1987),33 Ohio St.3d 75, 79, 514 N.E.2d 1122.
 {¶ 24} Appellant has argued that he is entitled to relief from judgment under Civ. R. 60(B) because his failure to meet the trial court's deadlines constituted excusable neglect under Civ. R. 60(B)(1). Appellant's argument lacks merit.
 {¶ 25} A party may be entitled to relief from judgment if he demonstrates that "excusable neglect" contributed to the adverse judgment. Civ. R. 60(B)(1). The term "excusable neglect" is an elusive concept which has been difficult to define and to apply; however, the inaction of a party is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system."Kay v. Glassman (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. When an attorney failed to timely file an answer after having missed one deadline and subsequently missed another deadline, the Ninth District Court of Appeals found such conduct to demonstrate a complete disregard for the judicial system. Woodson v.Carlson (May 9, 2001), Summit App. No. 20296, at ¶ 5-6, 2001 WL 490010. Moreover, the fact that an attorney's failure to properly calendar a deadline because he was not in his office did not constitute excusable neglect. E.G. Lewis v. Automotive Tech.
(May 14, 2003), Montgomery App. No. 19423, 2003-Ohio-1263, at ¶ 10-11.
 {¶ 26} The trial court states in its decision denying Appellant's Civ. R. 60(B) motion that Appellant missed two filing deadlines in this case. This determination is being more than generous. In fact, Appellant missed a total of four deadlines. Appellant first missed his August 5, 2004 deadline to file a response to Fifth Third's motion for summary judgment. Instead, Appellant filed a motion for an extension on August 11, 2004, six days after the deadline had lapsed. The trial court then gave Appellant an extension to file his response on September 15, 2004, allowing Appellant time to conduct depositions Appellant contended were necessary to defending against both Fifth Third and Safe Auto's summary judgment motions. Appellant missed that deadline as well, filing his response after not only Safe Auto's reply brief had been filed but one day after the trial court had granted the adverse motions. Moreover, Appellant never referenced the "necessary" depositions for which he was granted an extension in his response.
 {¶ 27} In addition, when Appellant then filed a motion which the trial court construed as a Civ. R. 60(B) motion, the trial court gave Appellant until November 4, 2004 to file supplemental materials to support the converted motion. Appellant, without explanation or request for an extension, filed his supplemental memorandum on November 5, 2004. Further, the trial court has also granted Appellant the opportunity to reply to any responses filed by Fifth Third or Safe Auto by November 25, 2004. Appellant filed a response on December 3, 2004, again without explanation or request for an extension.
 {¶ 28} Appellant has summarily argued that this pattern of behavior, caused by his incorrectly calendaring the filing date, constitutes excusable neglect. Assuming Appellant meant that he incorrectly calendared the first missed deadline (the August 5, 2004 deadline), then Appellant has left this Court without any explanation as to why the other deadlines were missed. Nevertheless, given this Court's own ruling in Lewis that one incorrectly calendared date, without more, did not constitute excusable neglect, four missed deadlines also cannot be excusable neglect.
 {¶ 29} Perhaps more importantly, this Court must not legitimize behavior that could reasonably be construed as a "complete disregard for the judicial system." Like the trial court, this Court finds Woodson quite persuasive in this respect. If two missed deadlines could reasonably be construed as a complete disregard for the judicial system, then it is not inappropriate for this Court to find Appellant's four missed deadlines to be such a disregard. As such, the trial court did not abuse its discretion when it found that Appellant was not entitled to relief from judgment pursuant to Civ. R. 60(B)(1) because Appellant's behavior could not be considered excusable neglect.
 {¶ 30} Appellant has alternatively argued that he is entitled to Civ. R. 60(B) relief from judgment under the "catchall" provision because the existence of genuine issues of fact and law should have precluded the trial court from granting Fifth Third and Safe Auto's summary judgment motions. Appellant's alternative argument also lacks merit.
 {¶ 31} A party is entitled to relief from judgment under the "catchall" provision if he can demonstrate any other reason not listed in Civ. R. 60(B)(1)-(4) that justifies relief being granted. Civ. R. 60(B)(5). Ohio courts have routinely said that Civ. R. 60(B)(5) is not to be used as a substitute for any other more specific provisions of Civ. R. 60(B)(1)-(4). Caruso-Ciresi,Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66, 448 N.E.2d 1365. The catchall provision should only be used in rare cases where substantial grounds exist to justify relief. Wiley v. Gibson
(1997), 125 Ohio App.3d 77, 81, 707 N.E.2d 1151. Moreover, when a trial court properly overrules a Civ. R. 60(B) motion on Civ. R. 60(B)(1) grounds, the trial court may not then grant the motion based on Civ. R. 60(B)(5) grounds without additional operative facts to support such a ruling. Caruso-Ciresi, Inc.,5 Ohio St.3d at 67, 448 N.E.2d at 1367.
 {¶ 32} Furthermore, it is well settled that a Civ. R. 60(B) motion is not to be used as a substitute for direct appeal.State ex rel. Bragg v. Seidner (2001), 92 Ohio St.3d 87, 87,748 N.E.2d 532, citing Key v. Mitchell (1998),81 Ohio St.3d 89, 90-91, 689 N.E.2d 548. In fact, this Court has previously held that such an argument regarding the propriety of a trial court's summary judgment motion has no place in a Civ. R. 60(B) motion. Cockeram v. Seifer (August 25, 1986), Montgomery App. No. 9814, ¶ 9. The use of Civ. R. 60(B) is generally reserved to issues that cannot be raised on appeal. Teamsters Local UnionNo. 507 v. Nasco Industries, Inc. (Nov. 22, 2000), Medina App. No. 3064-M, ¶ 9.
 {¶ 33} Appellant cannot prevail under Civ. R. 60(B)(5) for several reasons. First, Appellant's use of Civ. R. 60(B)(5) as a substitute for failing to meet the requirements of Civ. R. 60(B)(1) will not lie. Second, Appellant's argument why he should be granted relief from judgment, that there are genuine issues of fact, is not properly subject of a Civ. R. 60(B) motion. Had Appellant desired to challenge the trial court's September 27, 2004 decision to grant summary judgment to Fifth Third and Safe Auto, Appellant could have appealed that final appealable order within 30 days of it being journalized. Appellant failed to perfect such an appeal. As such, this Court lacks the proper jurisdiction to consider the summary judgment issue on the merits. Appellant's mistake must simply serve as a harbinger to future litigants to pursue appealable issues directly to the appropriate higher court rather than inappropriately seek appellate review at the trial level in the guise of relief from judgment.
 {¶ 34} Lastly, Appellant could not be granted relief from judgment under Civ. R. 60(B)(5) unless Appellant presented a set of substantial and extraordinary circumstances which had precluded Appellant from receiving normal and appropriate relief. Appellant's misuse and/or misunderstanding of the proper avenues in which to pursue relief are neither substantial nor extraordinary. As such, the trial court did not abuse its discretion when it found that Appellant was not entitled to relief pursuant to Civ. R. 60(B)(5).
 {¶ 35} For the foregoing reasons, the trial court's decision denying Appellant's Civ. R. 60(B) motion is affirmed.
Fain, J., and Donovan, J., concur.