OPINION
{¶ 1) Defendants, Coy and Terri Gayhart ("the Gayharts"), appeal from the trial court's denial of their Civ. R. 60(B) motion to vacate a summary judgment for Plaintiff, Granville Jones.
 {¶ 2} On September 30, 2004, Jones commenced an action in *Page 2 
foreclosure against the Gayharts concerning real property in Germantown. Jones alleged that the Gayharts had defaulted on a promissory note in the amount of $50,000 secured by a mortgage on the property. Jones filed an amended complaint on March 23, 2005, seeking judgment and ejection of the Gayharts from the Germantown property. The Gayharts filed an answer.
 {¶ 3} The trial court issued a July 12, 2005 final pre-trial order that set August 2, 2005 as the deadline for filing motions for summary judgment. Responses to any motions for summary judgment were due within fourteen days after the date on which the movant filed the motion.
 {¶ 4} On July 20, 2005, Jones filed a motion for summary judgment on his claim for relief against the Gayharts. On August 9, 2005, Jones and the Gayharts filed a joint motion to extend the time for responding to the motion for summary judgment to August 15, 2005. The Gayharts failed to file a response by that deadline.
 {¶ 5} On September 27, 2005, the trial court granted Jones' motion for summary judgment and ordered the foreclosure and sale of the Gayharts' property. Two days later, the Gayharts filed their opposition to Jones' motion for summary judgment. Subsequently, the trial court issued an amended judgment entry sustaining Jones' motion for summary judgment, *Page 3 
ordering the sale of the real property, and finding that there was no just reason for delay in entering the judgment.
 {¶ 6} On August 24, 2006, the Gayharts filed a Civ. R. 60(B) motion to vacate the order granting Plaintiff's motion for summary judgment. The trial court denied the Civ. R. 60(B) motion on September 26, 2006. The Gayharts filed a timely notice of appeal on October 12, 2006.
ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED IN DENYING THE DEFENDANTS' MOTION FOR RELIEF FROM SUMMARY JUDGMENT."
 {¶ 8} The standard of review of a trial court's decision on a Civ. R. 60(B) motion is an abuse of discretion standard. Tidwell v.Quaglieri, Greene App. No. 06-CA-0036, 2007-Ohio-569, _21. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219
(citations omitted).
 {¶ 9} To prevail on a motion under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1)-(5); and (3) the motion is made within a *Page 4 
reasonable time. GTE Automatic Electric, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, 150. If any of these requirements are not met, the trial court must overrule the Civ. R. 60(B) motion.Rose Chevrolet Inc. v. Adams (1988), 36 Ohio St.3d 17, 20 (citation omitted).
 {¶ 10} The Gayharts sought relief from summary judgment pursuant to Civ.R. 60(B)(1) and/or (5). Those sections permit the court to vacate a judgment for respectively, "excusable neglect" or for "any other reason." The trial court rejected the Gayharts' claims, stating:
 {¶ 11} "Defendants have not demonstrated that they are entitled to relief for `excusable neglect' or `any other reason justifying relief from judgment.' Defendants offer no justification for their failure to file a timely response to Plaintiff's Motion for Summary Judgment. . . . They simply assert that because they filed an answer, engaged in discovery, and engaged in negotiations, their neglect was excusable. . . . Likewise, they offer no reason for their failure to file a timely appeal. Therefore, they are not entitled to relief under Rule 60(B)."
 {¶ 12} In their September 29, 2005 motion to file a memorandum in opposition to Plaintiff's motion for summary judgment out of time, the Gayharts offered no justification *Page 5 
for their failure to meet the agreed-upon filing deadline. Similarly, in their Civ.R. 60(B) motion to set aside the order granting summary judgment, the Gayharts did not offer any explanation as to why they missed the filing deadline. Rather, the Gayharts simply argued that their "actions do not constitute a complete disregard for the judicial system." In the "Conclusion" section of their Civ. R. 60(B) motion, the Gayharts merely stated that "[a]t the time Plaintiff filed his motion for summary judgment, Defendant was forced with a more pressing issue which then made a response to Plaintiff's summary judgment motion a futile effort."
 {¶ 13} Negligent conduct which demonstrates a complete disregard for the judicial system is not "excusable" for purposes of Civ.R. 60(B)(1).GTE Automatic Electric, Inc. v. ARC Industries, Inc. However, negligent conduct is not excusable merely because it fails to rise to that level. Whether negligence is excusable requires consideration of all the surrounding facts and circumstances. Colley v. Bazell (1980),64 Ohio St.2d 243. To be excusable, failure to perform an act must be justifiable under the facts and circumstances presented. The neglect of an attorney is generally to be imputed to the attorney's client. GTEAutomatic Electric, Inc. v. ARC Industries, Inc. *Page 6 
 {¶ 14} In their appellate brief, the Gayharts argue for the first time that their "erroneous reliance" on trial counsel entitles them to relief under Civ. R. 60(B)(1). However, the Gayharts failed to make this argument in the trial court, and did not state any facts that would justify their attorney's negligence or why they should be relieved of the consequences of that negligence. As we pointed out above, a client cannot escape the consequences of the negligence of an attorney whom the client has voluntarily chosen to represent him.
 {¶ 15} The essence of the Gayharts' contention is that they ought not suffer the consequences of a summary judgment "on a short-term procedural default, brought to the court's attention only two days after judgment . . ." (Brief, p. 5). However, the court had set a cut-off date of August 15, 2005, upon the joint motion of the parties. Then, when the Gayharts failed to meet that deadline, the court waited an additional forty-three days before it granted the Plaintiff's motion for summary judgment on September 27, 2005. The Gayharts filed their response to that motion two days later.
 {¶ 16} The "procedural default" in failing to file a timely response to the Plaintiff's motion for summary judgment was no more a "short term" failure on the part of the Gayharts. Furthermore, they then waited an additional three hundred and *Page 7 
sixty days after the summary judgment was granted to file their Civ.R. 60(B) motion, asking the court to vacate that judgment. The trial court found that the motion was filed within a reasonable time because it was filed within one year after the summary judgment. That finding is not challenged on appeal, but the delay in filing their Civ.R. 60(B) motion is inconsistent with the Gayharts' suggestion that they are the victims of unduly short time lines the court applied.
 {¶ 17} The Gayharts also have failed to establish entitlement to relief under Civ. R. 60(B)(5). A party is entitled to relief from judgment under the "catchall" provision if he can demonstrate any other reason not listed in Civ. R. 60(B)(1)-(4) that justified relief being granted. Civ. R. 60(B)(5). But this "catchall" provision is not to be used as a substitute for any other more specific provisions of Civ. R. 60(B)(1)-(4). Burgess v. Safe Auto, Montgomery App. No. 20941,2005-Ohio-6829, _31, citing Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66, 448 N.E.2d 1365. Indeed, when a trial court properly overrules a Civ. R. 60(B) motion on 60(B)(1) grounds, the trial court may not then grant the motion based on Civ. R. 60(B)(5) grounds without additional operative facts to support such a ruling. Burgess,2005-Ohio-6829, _31, citing Lohman. *Page 8 
 {¶ 18} In their Civ. R. 60(B) motion, the Gayharts argued that they were entitled to relief under Civ. R. 60(B)(5) because the claim on the note is barred by the statute of limitations, because Jones and his siblings abandoned their right to collect on the $50,000 note, and because the note has been paid. This argument relates to the merits of Plaintiff's motion for summary judgment and could have been presented by the Gayharts in response to the motion. Failure to file a response waives the benefit of those defenses. Absent some justification for that failure, it would not be fair to now require Plaintiff to overcome those defenses because of the negligence of the Gayharts' attorney. Therefore, the Gayharts have failed to establish additional operative facts to support their entitlement to relief from judgment. Civ. R. 60(B)(5);Burgess, 2005-Ohio-6829, _31, citing Lohman.
 {¶ 19} Finally, the Gayharts argue that the trial court should have at least granted an evidentiary hearing to determine whether the grounds for vacating the judgment were valid. We do not agree. The mere filing of a motion for relief from judgment under Civ. R. 60(B) does not automatically entitle the movant to a hearing on the motion.Scotland Foods, Inc. v. Bryan (Oct. 25, 1995), Clark App. No. 95-CA-2, citing Admoeit v. Baltimore (1974), *Page 9 39 Ohio App.2d 97, 103. The movant has the burden of alleging operative facts that demonstrate that he is entitled to an evidentiary hearing. Id. "Before the trial court must schedule a hearing on a motion for relief from judgment, `the movant must do more than make bare allegations that he or she is entitled to relief.'"Cook Family Investments v. Billings, Lorain App. Nos. 05CA008689, 05CA008691, 2006-Ohio-764, _12 (citations omitted).
 {¶ 20} The Gayharts did not request a hearing on their Civ. R. 60(B) motion and did not offer an explanation to the trial court as to why they missed an agreed upon filing deadline. On this record, the trial court did not err in denying the Civ. R. 60(B) motion without an evidentiary hearing.
 {¶ 21} The assignment of error is overruled. The judgment of the trial court will be affirmed.
 FAIN, J. and DONOVAN, J. concur. *Page 1