OPINION
{¶ 1} This is an appeal by defendant-appellant, Barry D. Edney, from a judgment of the Franklin County Court of Common Pleas, denying appellant's motion to vacate sale arising out of a foreclosure action initiated by plaintiff-appellee, Chase Manhattan Mortgage Corporation. *Page 2 
 {¶ 2} On July 28, 2000, appellee filed a complaint in foreclosure, alleging it was the holder of a note and mortgage, and that appellant was in default under the terms thereof. Appellee sought judgment in the amount of $95,256.98, plus interest and costs.
 {¶ 3} On August 28, 2002, appellee filed a motion for default judgment against appellant. On September 3, 2002, the trial court filed a judgment and decree in foreclosure, finding the allegations in the complaint to be true, and that appellee was owed the principal balance of $95,256.98, as well as interest, advances for taxes, insurance, and costs. The court's entry provided in part: "[U]nless the sums * * * due to plaintiff * * * be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption of the defendant-titleholders in said real estate shall be foreclosed and the real estate sold[.]"
 {¶ 4} The case was stayed by the trial court on several occasions because of bankruptcy proceedings initiated by appellant. After the trial court reactivated the case, the property was appraised, and a sheriff's sale was conducted on August 11, 2006. Appellee purchased the property for the sum of $70,000, and, on August 21, 2006, appellee filed an assignment of the judgment to the Secretary of Veterans Affairs. The trial court filed a journal entry on August 22, 2006, confirming the sale to appellee and assignment to the Secretary of Veterans Affairs, and ordering distribution of the proceeds to appellee.
 {¶ 5} On September 11, 2006, appellant filed a motion to vacate the court-ordered sale. In his memorandum in support, appellant asserted that appellee had acted in bad faith in denying him payoff information in a timely manner. Appellant further asserted that he was in the process of negotiating the removal of liens from the property, *Page 3 
that he had secured a commitment from a bona fide buyer to purchase the property, and that he was actively seeking a loan to offset the remaining approximate amount of $17,000 owed to appellee.
 {¶ 6} On September 18, 2006, appellee filed a response to appellant's motion to vacate. In its accompanying memorandum, appellee argued it had timely supplied appellant with payoff amounts on July 31, 2006. Attached to the response was a copy of a payoff proposal. By decision and entry filed October 4, 2006, the trial court denied appellant's motion to vacate.
 {¶ 7} On appeal, appellant sets forth the following five assignments of error for this court's review:
 APPELLANT'S FIRST ASSIGNMENT OF ERROR
 THE COMMON PLEAS JUDGE ERRED IN NOT FINDING THE DEFENDANT'S CONSTITUTIONAL RIGHTS WERE VIOLATED BY PLAINTIFF CHASE MANHATTAN.
 APPELLANT'S SECOND ASSIGNMENT OF ERROR
 THE COMMON PLEAS JUDGE ERRED IN FAILING TO FIND THAT PLAINTIFF CHASE MANATTAN ACTED IN BAD FAITH BY NOT TURNING OVER THE DEFENDANT'S PAYOFF FIGURES IN A TIMELY MANNER.
 APPELLANT'S THIRD ASSIGNMENT OF ERROR
 THE COMMON PLEAS JUDGE ERRED IN NOT FINDING THAT PLAINTIFF CHASE MANHATTAN PROCEEDED BASED ON A CLERICAL ERROR IN THE BANKRUPTCY CASE.
 APPELLANT'S FOURTH ASSIGNMENT OF ERROR
 THE COMMON PLEAS JUDGE ERRED IN NOT FINDING THAT DEFENDANT WAS "SURPRISED" UNDER 60(B)(1) WHEN HE RECEIVED HIS PAYOFF NUMBERS FOUR *Page 4 
MONTHS AFTER HE HAD REQUESTED THEM AND JUST TEN DAYS PRIOR TO THE SHERIFF'S SALE.
 APPELLANT'S FIFTH ASSIGNMENT OF ERROR
 THE COMMON PLEAS JUDGE ERRED IN NOT FINDING THAT IT WAS UNCONSCIONABLE FOR PLAINTIFF TO FAIL TO DELIVER FORBEARANCE PAPERS.
 {¶ 8} Appellant's five assignments of error, all challenging the trial court's denial of the motion to vacate, will be considered together. Appellant argues, under these assignments of error, that the trial court erred in failing to find: (1) appellant's constitutional rights were violated; (2) appellee acted in bad faith by not turning over payoff figures in a timely manner; (3) appellee proceeded based upon a clerical error in the bankruptcy case; (4) appellant was surprised when he received his payoff numbers four months after his request; and (5) it was unconscionable for appellee to fail to deliver forbearance papers.
 {¶ 9} In order to prevail on a motion to vacate, pursuant to Civ.R. 60(B), a movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time.Jones v. Gayhart, Montgomery App. No. 21838, 2007-Ohio-3584, at ¶ 9, citing GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146,150. A motion for relief from judgment is addressed to the sound discretion of the trial court, and such ruling will not be disturbed on appeal absent a showing of an abuse of discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. *Page 5 
 {¶ 10} Regarding appellant's claims that the trial court erred in failing to find that appellee proceeded based upon a clerical error in a bankruptcy case, and that it was unconscionable for appellee to fail to deliver forbearance papers, we note that appellant failed to raise either of those issues before the trial court in his motion to vacate. Nor did appellant argue before the trial court that he was "surprised" when he received his payoff numbers four months after requesting that information. Accordingly, the trial court did not abuse its discretion in failing to consider, as grounds for relief under Civ.R. 60(B), matters that were never raised. See Katko v. Modic (1993),85 Ohio App.3d 834, 839 (because appellant failed to raise issue in Civ.R. 60(B) motion, any alleged error not brought to trial court's attention is deemed waived and may not be raised in appeal); Hatfield v. Wray (2000),140 Ohio App.3d 623, 633, quoting Williams v. Jerry L. Kaltenbach Ent.,Inc. (1981), 2 Ohio App.3d 113, 115 ("`issues not raised in the trial court will not be considered on appeal'").
 {¶ 11} Appellant did argue, in his motion to vacate, that appellee acted in bad faith in "intentionally denying [him] the payoff information he was entitled to." In response to the motion to vacate, appellee submitted a copy of a letter to appellant, dated July 31, 2006, setting forth "the amount necessary to pay off the above referenced loan account." The trial court, in addressing appellant's argument, found that appellee had responded to appellant's requests for the payoff information, and that appellant's inability to sell the property via a "short sale" was attributed to his own inability to cure his deficiency. The trial court further noted that "this foreclosure action has been pending for six years and that [appellant] has provided no evidence to the court that any attempts to pay off the arrearage or reinstate the mortgage have been wrongfully denied by [appellee]." *Page 6 
 {¶ 12} Upon review, we find no abuse of discretion by the trial court, as there was evidence before the court that payoff information had been provided to appellant prior to the foreclosure. Further, a trial court's confirmation of the sheriff's sale generally cures irregularities in the sale proceedings, and, therefore, "the confirmation of a judicial sale cannot be set aside except for `fraud, mistake or some other cause, for which equity would avoid a like mistake between private parties.'" (Emphasis sic.) Soc. Natl. Bank v. Wolff (Apr. 26, 1991), Sandusky App. No. S-90-13, quoting Dairymen's Cooperative Sales Co., Inc. v. FrederickDairy, Inc. (1934), 17 Ohio Law Abs. 690, 692.
 {¶ 13} Finally, appellant, while acknowledging that appellee is not a state actor, nevertheless contends that appellee violated his constitutional rights, presumably because of appellee's alleged deficiencies in providing the payoff figures. We have addressed, above, appellant's claim regarding the payoff information, and the trial court did not abuse its discretion as appellant failed to demonstrate a meritorious claim or defense to present if relief was granted.
 {¶ 14} Because appellant failed to demonstrate a meritorious claim or defense, or that he was entitled to relief under one of the enumerated grounds under Civ.R. 60(B), the trial court did not err in denying his motion to vacate. Based upon the foregoing, appellant's first, second, third, fourth, and fifth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 BROWN, J., SADLER, P.J., and TYACK, J., concur. *Page 1