JOURNAL ENTRY AND OPINION
{¶ 1} First Union National Bank, as trustee of the amortizing residential collateral trust 2000-BCI ("First Union"), appeals from the decision of the trial court. First Union argues that the trial court lacked subject matter jurisdiction and that it erred when it denied First Union's motion for relief from judgment. For the following reasons, we affirm the decision of the trial court. *Page 3 
 {¶ 2} On April 5, 2002, First Union filed its cause of action in foreclosure against Richard and Martha Wilson ("Wilsons"). The action was based upon a note and mortgage that the Wilsons entered into on August 6, 1999, for the purchase of 19415 Meadowlark Lane, Warrensville Heights, Ohio. With leave of court, the Wilsons filed their answer and counterclaim, alleging rescission of the mortgage resulting from First Union's violation of the Truth in Lending Act ("TILA"),15 U.S.C.S. §§ 1601 et seq. On October 7, 2004, the trial court granted the Wilsons' motion for summary judgment, holding that the mortgage was rescinded as a result of First Union's violation of the TILA and the Home Ownership and Equity Protection Act ("HOEPA"). 15 U.S.C.A. § 1635, 16 U.S.C.A. § 1639.
 {¶ 3} On March 21, 2005, the trial court provided the Wilsons sixty days to file a memorandum regarding rescission under the TILA, which the Wilsons filed on May 20, 2005. First Union did not respond to the memorandum and the trial court adopted the rescission plan as set forth in the Wilsons' memorandum. The court determined that the Wilsons' tender back obligation was $17,731.34. However, the court also determined that pursuant to the TILA sequential process, the obligation was not required to be paid back until First Union released its security interest on the property. The trial court ordered First Union to complete this process within ninety days of the order, January 24, 2006. The trial court then granted the Wilsons six months thereafter in which to tender back $17,731.34. *Page 4 
 {¶ 4} On January 24, 2006, First Union remained the owner of the security interest in the Wilsons' home. In fact, First Union did not even attempt to release the security interest until after the expiration of the time granted by the trial court. Moreover, when First Union did attempt to release the security interest, it did so unsuccessfully because the interest was released on October 12, 2006, almost nine months after the court-imposed deadline.
 {¶ 5} As a result of First Union's inaction and noncompliance with the TILA's sequential process, the Wilsons' filed a motion for relief from tender obligation on June 21, 2006. The Wilsons' attorneys filed copies of their motion with First Union's counsel, John D. Clunk in Hudson, Ohio, and First Union's counsel, Robert Young, in Cleveland, Ohio. First Union did not respond to the motion, and on July 17, 2006, the trial court granted the Wilsons' unopposed motion for relief from tender obligation.
 {¶ 6} Arguing that its counsel, John D. Clunk's office, did not receive the Wilsons' motion for relief until Sunday, July 16, 2006, First Union filed a motion for relief from judgment on September 11, 2006. On December 19, 2006, the trial court denied First Union's motion for relief from judgment. Specifically, the trial court determined that First Union did not comply with its order regarding completion of rescission and First Union's termination of its security agreement. The trial court also determined that First Union never moved the court for additional time to comply *Page 5 
with the court's order and that it was still the owner and holder of the mortgage on January 24, 2006. The trial court concluded that First Union did not have a meritorious defense and that its motion for relief from judgment was untimely. First Union appeals from that judgment, raising two assignments of error.
 "I. The trial court lacked subject matter jurisdiction to consider defendant[s]-appellee's [sic] motion for relief from tender obligation.
 "II. The trial court erred to the prejudice of the plaintiff when it denied plaintiff's motion for relief from judgment."
 {¶ 7} In its first assignment of error, First Union argues the trial court lacked subject matter jurisdiction to rule on the Wilsons' motion for relief from judgment because it was filed more than thirty days after the trial court's October 26, 2005 order.[1] This argument lacks merit.
 {¶ 8} The trial court's October 26, 2005 order set in motion events that were to take place over the course of nine months. The order provided First Union with ninety days to release its security interest on the property and then provided the Wilsons with six months thereafter to pay the tender back obligation. Therefore, First Union's argument that the Wilsons' motion is untimely defies logic. The Wilsons could not have raised this motion within thirty days of the October 26, 2005 order because First Union had until January 24, 2006, to release its security interest. It was not until First Union failed to complete its obligation under the TILA sequential *Page 6 
process, that the Wilsons moved the trial court for relief from their obligation under the TILA. Therefore, the trial court had subject matter jurisdiction to review the Wilsons' motion.
 {¶ 9} Additionally, First Union's arguments that the trial court's October 26, 2005 order was a final judgment have been waived. While we agree with First Union that subject matter jurisdiction cannot be waived, we do not see why First Union could not have raised their arguments concerning the Wilsons' request for relief. First Union is, in fact, arguing for the first time, that the vehicle through which the Wilsons sought relief was erroneous. This was an argument that should have been raised at the trial court level and, therefore, this argument has been waived. Stores Realty Co. v City of Cleveland, Bd. of Bldg.Stds. and Bldg. Appeals, 41 Ohio St.2d 41, 43.
 {¶ 10} Nonetheless, we find that the Wilsons' motion for relief from their tender back obligation was not a Civ.R. 60(B) motion, nor was it a motion for reconsideration. The Wilsons' motion for relief did not request relief from judgment, nor did it request the trial court to reconsider its October 26, 2005 order. The Wilsons moved to implement the order's deferred terms pursuant to the TILA, because of First Union's non-compliance with the TILA rescission requirements.
 {¶ 11} First Union's first assignment of error is therefore overruled. *Page 7 
 {¶ 12} In its second assignment of error, First Union argues the trial court erred when it denied its Civ.R. 60(B) motion, because it met all three of the requirements listed above. We disagree with First Union's conclusion.
 {¶ 13} The standard of review of a trial court's decision on a Civ.R. 60(B) motion is an abuse of discretion. Jones v. Gayhart, Montgomery App. No. 21838, 2007-Ohio-3584. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} To prevail on a motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 150. If any of these requirements are not met, the trial court must overrule the Civ.R. 60(B) motion. Jones, supra; Rose Chevrolet Inc. v. Adams (1988),36 Ohio St.3d 17.
 {¶ 15} First Union sought relief from the trial court's judgment pursuant to Civ.R. 60(B)(1). That section permits the court to vacate a judgment for "mistake, inadvertence, surprise or excusable neglect." First Union also argued that it had a meritorious defense because it took steps towards releasing the security interest and eventually complied with the court's order. The trial court rejected First Union's claims stating: *Page 8 
 "The plaintiff did not comply with this court's order of October 26, 2005, regarding completion of rescission and the plaintiff's termination of its security agreement. Plaintiff never moved the court for additional time to comply with the court's order of October 26, 2005. Plaintiff was still the owner and holder of the mortgage on January 24, 2006, when it was to have complied with Step 2 of the Truth in Lending Act. There is not sufficient evidence to support a claim of meritorious defense. Plaintiff was represented by counsel throughout the proceeding and received notice of the court's ruling at civil journal volume 3613, page 269. The motion was filed untimely as there was almost a two month delay before movant filed its 60(B) motion. No just reason for delay."
 {¶ 16} We shall first deal with the issue of whether First Union had a meritorious defense. First Union argues that its meritorious defense was that it believed it was in compliance with the trial court's October 26, 2005 order. In making this argument, First Union claims that it took affirmative steps to comply with the court's October 26, 2005 order. However, First Union admits that it did not take any action until February 2006, after the expiration of the trial court's deadline, and then unsuccessfully attempted to release the security interest. According to First Union, the security interest on the mortgage was not successfully released until October 12, 2006.
 {¶ 17} Therefore, First Union could not have believed it was in compliance with the trial court's order. First Union knew it took no action until after the trial court's imposed deadline and never moved the trial court for an extension of time to comply. Moreover, the TILA sequential process only grants the creditor twenty days within which to terminate any security interest created under the transaction. _ 1635(b), *Page 9 
Title 15. Therefore, the trial court was extremely lenient with First Union in granting the bank ninety days within which to terminate its security interest.
 {¶ 18} The fact that First Union later took ineffective steps to release its security interest is without merit as the record is clear, all action taken to comply with the court's order was done after the deadline, without leave from the court. Accordingly, we find that the trial court did not abuse its discretion when it determined there was insufficient evidence to support a claim of meritorious defense.
 {¶ 19} Because we found that First Union has not presented a meritorious defense, we need not address any other portions of its Civ.R. 60(B) motion. Jones, supra. First Union's second assignment of error is overruled.
 {¶ 20} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and PATRICIA A. BLACKMON, J., CONCUR
[1] First Union admits that it failed to raise this argument at the trial court level. *Page 1