[Cite as *Fahey Banking Co. v. Squire*, 2012-Ohio-4211.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| FAHEY BANKING COMPANY | ) | CASE NO. 11 MA 178 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| CAROLE SQUIRE, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common Pleas of Mahoning County, Ohio Case No. 10 CV 3723

JUDGMENT:    Affirmed. Summary Judgment Arguments Dismissed.

APPEARANCES:
For Plaintiff-Appellee:    Atty. Michael N. Schaeffer
Atty. Scott N. Schaeffer
Atty. Richard G. Murray, II
Kemp, Schaeffer & Rowe Co., LPA
88 West Mound Street
Columbus, Ohio 43215

For Defendants-Appellants:    Percy Squire, Pro se
Percy Squire Co., LLC
341 S. Third Street, Suite 101
Columbus, Ohio 43215

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: September 14, 2012

VUKOVICH, J.

{¶1}   Defendant-appellant Percy Squire appeals the decision of the Mahoning County Common Pleas Court denying his Civ.R. 60(B) motion to vacate the grant of summary judgment for plaintiff-appellee Fahey Banking Company. Although Squire is appealing the trial court's denial of his Civ.R. 60(B) motion, his assignment of error and arguments focus solely on the propriety of the summary judgment and decree of foreclosure order.  Squire did not timely appeal that order, thus the arguments presented are not reviewable.  Furthermore, as to the propriety of the trial court's ruling on the Civ.R. 60(B) motion, the brief does not contain any arguments concerning the correctness or lack thereof of the denial of his Civ.R. 60(B) motion.  Therefore, as there are no arguments before us concerning the denial of his Civ.R. 60(B) motion, we will uphold that determination.  Consequently, for those reasons and the ones discussed below, the trial court's Civ.R. 60(B) ruling is affirmed, however, the arguments regarding the trial court's grant of summary judgment for Fahey Banking Company are dismissed as untimely.

STATEMENT OF THE CASE

{¶2}   On September 27, 2010, Fahey Banking Company filed a complaint in foreclosure on note and mortgage against Percy and Carole Squire.  In the complaint, Fahey alleged that in August 1995, the Squires executed a promissory note for $115,00.00.  As security for the payment of the note, the Squires executed and delivered to Fahey Banking Company a mortgage deed to the premises located at 3405 Kiwatha Road, Youngstown, Ohio.  Complaint ¶8.  It is alleged that the Squires have defaulted in the payment on the note.

{¶3}   The Squires filed their answer and admitted that a loan had been secured on the property, but denied that they were in default.

{¶4}   Thereafter, Fahey Banking Company filed a motion for default judgment and summary judgment.  It attached documentation showing that the Squires were in default on the loan and that it was exercising its option to accelerate the loan.

{¶5}   The Squires filed a Civ.R. 56(F) motion for an extension of time to file a memorandum in opposition to the Fahey Banking Company's motion for summary judgment.  In conjunction with that motion the Squires filed their first set of discovery requests.  The trial court granted the Squires an extension of time and ordered them to file their memorandum in opposition within 30 days following Fahey Banking Company's response to the discovery requests.

{¶6}   In May 2011, Fahey Banking Company filed a notice of service of responses to discovery and asked the trial court to make a ruling on its motion for summary judgment.  In that motion it indicated that it had hand-delivered the Squires its responses to discovery on March 30, 2011.  Thus, it concluded that the time for filing a motion in opposition to summary judgment expired on April 30, 2011.

{¶7}   An oral hearing on the summary judgment motions occurred at 1:30 p.m. on June 22, 2011.  The Squires failed to appear.  The trial court granted summary judgment for Fahey Banking Company and entered a judgment entry and decree of foreclosure on the Kiwatha Road property.  6/22/11 J.E. (Summary judgment and decree of foreclosure order).

**{¶8}** After the hearing had concluded, the Squires faxed a motion requesting leave to file a response to Fahey Banking Company's motion for summary judgment by June 27, 2011. The trial court denied that request. 6/23/11 J.E.

**{¶9}** The Squires did not appeal the June 22, 2011 ruling. Instead, the Squires filed a Civ.R. 60(B) motion to vacate that judgment. 7/01/11 Motion. In the motion, they admitted to knowing about the hearing, but contended that due to their inadvertence they believed the hearing was a non-oral hearing. They also claimed that they have a meritorious defense because Fahey Banking Company did not comply with 12 U.S.C. 1701x(c)(5). Fahey Banking Company opposed the motion to vacate. 7/11/11 Motion.

**{¶10}** The trial court denied the motion to vacate. The Squires filed a timely notice of appeal from that judgment.

## ASSIGNMENT OF ERROR

The trial court erred when it granted Appellee's summary judgment motion. Despite Appellant failing to timely respond to Appellee's Motion for Summary Judgment, Appellee was not entitled to judgment as a matter of law by reason of failure to comply with the provisions of 12 U.S.C. §1701x(c)(5).

**{¶11}** As aforementioned, Squire filed a timely notice of appeal from the trial court's denial of his Civ.R. 60(B) motion to vacate the grant of Fahey Banking Company's motion for summary judgment. Attached to the notice of appeal is the trial court's judgment denying the Civ.R. 60(B) motion. However, in the appellate

brief, the only arguments made concern the correctness of the summary judgment and order of foreclosure ruling; there is no analysis or discussion, even in the slightest, regarding the Civ.R. 60(B) ruling. Nowhere in Squire's argument does he state that the trial court abused its discretion in denying the Civ.R. 60(B) ruling. Instead, he discusses the standard of review for summary judgment, which is *de novo.* He does not list the three requirements which must be shown to entitle a party to Civ.R. 60(B) relief that were espoused by the Ohio Supreme Court in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). Instead, he discusses whether there is a genuine issue of material fact, which is the Civ.R 56 summary judgment test. Thus, while the denial of the Civ.R. 60(B) motion was timely appealed, the only issues raised to this court concern the propriety of the summary judgment ruling.

{¶12} However, we lack jurisdiction to review these arguments because a timely notice of appeal was not filed from the grant of summary judgment and decree of foreclosure. The grant of summary judgment and decree of foreclosure disposed of all claims and thus, constituted a final appealable order which Squire could have appealed from. *See PHH Mtge. Corp. v. Albus*, 7th Dist. No. 09MO9, 2011-Ohio-3370, ¶18; *Second Nat. Bank of Warren v. Walling*, 7th Dist. No. 01CA62, 2002-Ohio-3852. The record clearly indicates that Squire filed the notice of appeal 105 days after the summary judgment and decree of foreclosure order. As such, it was filed outside the 30-day time limit prescribed by the App.R. 4(A). An appellant's failure to file a timely notice of appeal renders the court of appeals without jurisdiction

and authority to entertain the appeal. *State v. Bell,* 8th Dist. No. 87727, 2007–Ohio–3276, ¶24.

{¶13} Squire cannot use the order denying his motion to vacate as a means to extend the time for filing an appeal from the grant of summary judgment and decree of foreclosure order. The filing of a Civ.R. 60(B) motion for relief from judgment does not extend the time for perfecting an appeal from the original judgment. *Key v. Mitchell,* 81 Ohio St.3d 89, 91, 689 N.E.2d 548 (1998). Any claims or arguments that could have been raised in a timely appeal are precluded from being raised in a subsequent Civ.R. 60(B) motion, because it is the function of the appellate court to correct legal errors committed by the trial court. *Id. See also Burgess v. Safe Auto,* 2d Dist. No. 20941, 2005-Ohio-6829, ¶32 (arguments regarding the propriety of a trial court's summary judgment motion have no place in a Civ. R. 60(B) motion).

{¶14} Therefore, since the notice of appeal was not timely as to the summary judgment and decree of foreclosure order, we are without jurisdiction to consider issues that are raised in this appeal regarding that order. *See State ex rel. Pendell v. Adams Cty. Bd. of Elections,* 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988). Consequently, those arguments are dismissed as untimely.

{¶15} As to the propriety of the trial court's denial of the Civ.R. 60(B) motion to vacate, as aforementioned that decision was timely appealed. However, Squire does not present any arguments to this court as to why this decision was not correct.

It is not this court's function to create arguments for an appellant. Accordingly, we affirm the trial court's decision.

{¶16} In conclusion, the trial court's Civ.R. 60(B) ruling is affirmed, however, the arguments regarding the trial court's grant of summary judgment for Fahey Banking Company are dismissed since this court lacks jurisdiction to due to the untimely appeal.

Donofrio, J., concurs.

DeGenaro, J., concurs.